ENRIQUE CASTRO MARTÍNEZ, demandante y apelante, *v.* JUAN
G. GALLARDO, TESORERO DE PUERTO RICO, demandado y
apelado.

No. 3347.—*Visto:* Noviembre 13, 1924.  *Resuelto:* Abril 27, 1925.

1. *Mandamus*—MATERIAS Y PROPÓSITOS DEL REMEDIO—ACTOS Y PROCEDIMIENTOS
   DE FUNCIONARIOS PÚBLICOS, JUNTAS Y MUNICIPIOS—REPOSICIÓN DE EMPLEADO
   EN SU CARGO.—Es insuficiente una petición de *mandamus* para obtener la
   reposición del peticionario en un cargo, cuando ella demuestra que, celebrado
   un *hearing*, no hubo carencia absoluta de pruebas para la destitución sino
   una apreciación de ellas por el que hizo la destitución.
2. FUNCIONARIOS (*Officers*)—NOMBRAMIENTO, CONDICIONES, Y TÉRMINO DEL CARGO
   —RENUNCIA, SUSPENSIÓN O REMOCIÓN—DESTITUCIÓN Y REVISIÓN DEL PROCE-
   DIMIENTO Y LA PRUEBA.—El *mandamus* no es el procedimiento adecuado para
   aquilatar la evidencia presentada por las partes y decidir si ella es o no
   suficiente para probar los cargos imputados a una persona destituida de su
   empleo sino cuando hay carencia absoluta de pruebas para justificar la
   destitución.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan),
declarando con lugar excepción previa de falta de causa de ac-
ción y ordenando el sobreseimiento y archivo del caso, sin cos-
tas.  *Confirmada.*

*Travieso & Iriarte,* y *Leopoldo Feliú,* abogados del apelante; *Hon.
Attorney General, C. Llauger Díaz* y *E. López Acosta,* abogados
del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante presentó en la corte inferior una solicitud de
*mandamus* contra el Tesorero de Puerto Rico para que le
ordenase que lo reponga en el cargo de que fué destituído
pero la corte declaró sin lugar la petición como consecuencia
de la excepción previa que a ella expuso el demandado, fun-
dada en que no aduce hechos determinantes de causa de ac-
ción.

Los hechos expuestos en la petición son substancialmente

los siguientes: que el peticionario, Enrique Castro Martínez, era jefe del negociado de rentas internas del Departamento de Tesorería. de esta Isla e incluído en el servicio civil clasificado cuando fué suspendido de empleo y sueldo por haber sido acusado por un Gran Jurado de un delito de conspiración: que habiendo sido absuelto de esa acusación solicitó del Tesorero de Puerto Rico que lo repusiera en su destino pero se negó y le formuló cargos para destituírlo: que en dos de esos cargos se le imputaba que permitió que fueran sacados de los archivos del negociado bajo su inmediato cuidado ciertos documentos relacionados con la exportación de alcohol por The Porto Rico Distilling Company de Arecibo sin obtener recibo de esos documentos, sin que se pudiera dar cuenta de ellos a los investigadores de Contaduría, y que preparó cartas para la firma del Tesorero de Puerto Rico, quien las firmó, dirigidas a The Porto Rico Distilling Company de Arecibo relevándole de sus fianzas, diciéndose en ellas que había cumplido con todos los requisitos de la ley, sabiendo que esto no era cierto, y sin llamar la atención del Tesorero de Puerto Rico a las excesivas mermas que aparecían en los certificados a fin de que dicho funcionario pudiera exigir otras pruebas satisfactorias de que el alcohol fué debidamente exportado, como requiere el Reglamento número 335 de 3 de agosto de 1914, obteniendo así la cancelación de dichas fianzas y ocasionando pérdidas considerables al Gobierno de Puerto Rico: que en la vista que se celebró y en la que compareció el peticionario, para probar el Tesorero esos cargos presentó solamente las declaraciones juradas de dos personas al efecto de que ellas no pudieron encontrar los expresados documentos en el archivo del negociado de rentas internas en fecha en que el peticionario estaba suspendido de su cargo, y el Reglamento del Tesorero de Puerto Rico regulando la cancelación de fianzas prestadas por los destiladores: y que su destitución fué decretada únicamente con esa prueba contra la que opuso que no había

autorizado a persona alguna para entregar esos documentos con recibo o sin él; que tales documentos estaban en el archivo de su negociado cuando fué suspendido en su cargo; que no podía hacérsele responsable de su desaparición posterior; que él no era el archivero del Departamento, persona sobre la cual recaería la responsabilidad, la que es nombrada por el Tesorero; que no se ha probado negligencia habitual en su cargo; que el reglamento a que se ha hecho referencia dice lo contrario de lo que alega el Tesorero con respecto al mismo, pues dicho funcionario no podía requerir la prueba adicional de que habla en el cargo mencionado siempre que se presentaran los certificados debidamente llenados y firmados en el puerto de destino de los alcoholes, y que probó con su declaración y la de otra persona que esos certificados fueron debidamente llenados y firmados por lo que no había necesidad de prueba adicional para la terminación de las fianzas; que demostró con su declaración y la del Sr. Benedicto, entonces Tesorero de Puerto Rico, haberle dado cuenta de las mermas en la exportación, por lo que no le engañó, y que habiendo firmado las cartas el Tesorero con entero conocimiento de dichos hechos no puede imputársele responsabilidad al peticionario.

Siendo el apelante un empleado incluido en el servicio civil clasificado tenía derecho a no ser separado de su cargo sino por causa y para bien del servicio público, formulándosele los cargos por escrito, notificándoselos, dándole un tiempo razonable para contestarlos; también por escrito, y abriéndose después una breve investigación si la Comisión del Servicio Civil o el interesado la solicitaren o el jefe que ordenó la destitución la dispusiere, según se establece en el art. 7 del Reglamento de la Ley del Servicio Civil (Leyes de 1907 p. 171), requisitos que en este caso fueron cumplidos, siendo la única cuestión en controversia que la petición es suficiente porque en ella se alega que el Tesorero no probó los cargos

que le imputó al peticionario porque aunque presentó dos declaraciones juradas y un reglamento para justificarlos tal evidencia no prueba los mencionados cargos, y que el apelante presentó su declaración y la de otras personas para demostrar que no era empleado cuando se notó la falta de los documentos y que le advirtió al Tesorero que firmó las cartas respecto a las mermas que se notaban en los certificados y que éstos estaban debidamente llenados y firmados, por lo que el Tesorero no podía pedir otras pruebas según el reglamento citado.

Lo expuesto demuestra que no hubo carencia absoluta de pruebas para la destitución del apelante sino una apreciación de ellas por el jefe que hizo la destitución, y que lo que se pretende es que los tribunales de justicia aquilaten la evidencia que se presentó por una y otra parte y que decida si es o no suficiente para probar los cargos imputados al apelante, misión que no incumbe a los tribunales sino cuando hay carencia absoluta de pruebas.

*Por lo expuesto la sentencia apelada debe ser confirmada.*