VÍCTOR COLL CUCHÍ, peticionario y apelante, v. ROBERTO H. Todd, en su carácter de Alcalde de San Juan, P. R., demandado y apelado.

No. 3857.—*Visto:* Abril 27, 1926.  *Resuelto:* Junio 26, 1926.

1. CERTIORARI—NATURALEZA Y FUNDAMENTOS—PROCEDIMIENTOS DE FUNCIONARIOS PÚBLICOS—DESTITUCIÓN O REMOCIÓN DE EMPLEADOS—EMPLEADOS MUNICIPALES.—Atendida la sección 65 inciso (*a*) de la Ley Municipal (Leyes de 1924 pág. 106) el tribunal se inclina a creer que un *certiorari* a que se refiere dicho artículo no es el modo de revisar el acto de un alcalde al destituir un empleado municipal.

2. CORPORACIONES MUNICIPALES—FUNCIONARIOS, AGENTES Y EMPLEADOS—AGENTES Y EMPLEADOS—SU DESTITUCIÓN—REVISIÓN DE LOS PROCEDIMIENTOS—ALCANCE Y EXTENSIÓN EN GENERAL.—Destituido un empleado municipal, el deber del tribunal, en procedimiento de *certiorari*, es a lo sumo, revisar el procedimiento sobre destitución para ver si hay algo que justifique la acción del funcionario que destituyó, esto es, ver si hay absoluta falta de prueba que justifique la destitución.

3. CORPORACIONES MUNICIPALES—FUNCIONARIOS, AGENTES Y EMPLEADOS—AGENTES Y EMPLEADOS—SU DESTITUCIÓN—PROCEDIMIENTO PARA DESTITUIR—EN GENERAL.—Un funcionario con poder para destituir no está sujeto a las sutilezas que gobiernan a una corte, y está, menos que ésta limitado por una contradicción entre los cargos y la prueba.

4. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CUESTIONES QUE DEBEN APARECER DEL RÉCORD—SENTENCIA APELADA—OMISIÓN DE INCLUIRLA Y EFECTO.—Solicitada la desestimación de una apelación por no haberse incluido la sentencia en los autos del caso, si éste defecto se subsana antes de la vista, no ha lugar a desestimar.

5. CERTIORARI—PROCEDIMIENTOS Y RESOLUCIÓN—APELACIÓN DE SENTENCIA EN PROCEDIMIENTO DE CERTIORARI—SENTENCIA SUJETA A REVISIÓN—SENTENCIA EN CERTIORARI AUTORIZADO POR LA LEY MUNICIPAL.—Los artículos 292 y 50 del Código de Enjuiciamiento Civil autorizan apelación contra las sentencias dictadas por las cortes de distrito en los casos de *certiorari* presentados de acuerdo con la sección 65 de la Ley Municipal.

SENTENCIA de *Charles E. Foote*, J. (Primer Distrito, San Juan), anulando el auto de *certiorari* expedido, y desestimando la petición, con costas. *Confirmada.*

*Coll y Cuchí & Cruzado Silva*, abogados del peticionario apelante, quien compareció personalmente a la vista en apelación; *Leopoldo Feliú*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un procedimiento de *certiorari* que se supone haber sido presentado de acuerdo con la Ley Municipal y en esencia el peticionario apelante se queja de que fué des-

tituído de su empleo sin justa causa. El alcalde de San Juan, que es el demandado, cumplió el auto expedido (*made a return*) y solamente con la petición y documentos enviados la Corte de Distrito de San Juan dictó sentencia a favor del demandado.

[1] Estamos algo inclinados a convenir con el apelado que un *certiorari* de acuerdo con la Ley Municipal no es el modo de revisar el acto de un alcalde al destituir un empleado municipal. La sección pertinente es como sigue:

"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada: (*a*) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal, del alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari*." Leyes de Puerto Rico, 1924, p. 106, sección 65.

Los autos del caso no demuestran que se violó ningún derecho constitucional del peticionario o que se hizo algo contrario al Acta Orgánica o a las leyes de Puerto Rico. No entendemos que el destituir un funcionario, aún sin justa causa, cae dentro de estas disposiciones.

[2] Suponiendo, sin embargo, que el *certiorari* sea el remedio adecuado, ¿cuál es el deber de la corte? A lo sumo revisar el procedimiento para ver si hay algo que justifique la acción del funcionario que destituyó al peticionario. Normalmente el funcionario con poder para destituir es el único juez de la prueba y el deber de la corte es ver si hay una absoluta falta de prueba que justifique la destitución o algo similar. *Castro* v. *Quiñones*, 34 D.P.R. 199, 202. 5 R. C.L. 263–4. Suponiendo siempre que el funcionario destituído haya sido debidamente notificado y haya sido oído, de lo cual no hay cuestión en esta apelación.

[3] Ni está un funcionario con poder para destituir sujeto a alguna de las sutilezas que gobiernan a una corte de justicia. Estaría menos que una corte limitado por una contradicción entre los cargos y la prueba.

Por ejemplo, en este caso se imputa al apelante haber dispuesto por medio de un cambio de un automóvil perteneciente al municipio. Según entendemos, la defensa técnicamente trató de probar que el título de propiedad perteneció siempre al municipio. No obstante, el municipio perdió temporalmente la posesión material del automóvil y estuvo sujeto a un pleito y a una posible oposición por la persona a quien se había entregado el automóvil. Además, según la prueba, el alcalde tenía derecho a creer que el peticionario había hecho cuanto le fué posible por salir del automóvil y el alcalde no estaba obligado a creer las manifestaciones tendentes a demostrar que el municipio no se desprendió del título del automóvil. Cuando un alto funcionario se propone vender o permutar una propiedad mueble, una corporación frecuentemente está impedida de negar los actos de su agente. La narración, sin embargo, es bastante clara. Se imputaba al peticionario haber transferido la propiedad del automóvil, lo que en realidad sucedió. La alegación de que fué transferido sujeto a la aprobación de la asamblea municipal, de ser creída siguió siendo un traspaso condicional no autorizado.

Igualmente no hubo autorización para la compra de las dos neveras. El alcalde había enviado una circular prohibiendo la compra de materiales sin llenar ciertos requisitos y la prueba tendió a demostrar que no se habían llenado estos requisitos. De igual manera el peticionario alegó que entonces esta propiedad no había sido adquirida legalmente.

Si estos cargos eran dudosos técnicamente, habían otros en los cuales estaba envuelto menos dinero pero que violaban literalmente los reglamentos, a saber, el haber admitido a una persona en el hospital sin haber hecho el depósito requerido; el haber permitido el cadáver de un finado ocupar un nicho sin haber pagado por anticipado y el haber admitido a otra persona al hospital también sin pagar anticipadamente.

[4] El apelado solicitó una desestimación alegando que

la sentencia no había sido incluída en los autos del caso. Este defecto fué subsanado antes de la vista.

[5] De igual modo se solicitó una desestimación fundandose en que la Ley Municipal no concede apelación alguna. Tal apelación está autorizada por los artículos 292 y 50 del Código de Enjuiciamiento Civil. El primero concede el derecho de apelación en cualquier acción. Según el artículo 50 la palabra acción apareja un procedimiento especial de naturaleza civil.

Tenemos alguna duda respecto a si el *return* ha sido remitido a esta corte debidamente certificado, pero como el apelado no levanta este punto nosotros no lo consideraremos.

*La sentencia apelada debe ser confirmada.*