VIRGILIO RIVERA AROMÍ, demandante y apelado, *v.* LA ASAMBLEA MUNICIPAL DE PATILLAS, demandada y apelante.

No. 4466.—*Sometido:* Abril 24, 1928. *Resuelto:* Enero 30, 1929.

80

*M. Martínez Dávila,* abogado del apelante; *Arcilio Alvarado* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Virgilio Rivera Aromí presentó en la Corte de Distrito de Guayama una solicitud de *certiorari* contra la Asamblea Municipal de Patillas, pidiendo a la corte que dictara sentencia declarando nula la ordenanaza por virtud de la cual la asamblea destituyó al peticionario del cargo de Director de Beneficencia del Municipio y ordenando en su consecuencia que el peticionario continuara en el desempeño de las funciones de su cargo, con suspensión inmediata de las actuaciones de la asamblea hasta que otra cosa pudiera ser resuelta por la corte.

El auto se expidió en la forma solicitada. Compareció la parte demandada archivando además del *return* una moción pidiendo que se desestimara de plano la solicitud y se anulara el auto expedido.

La corte tomó bajo su consideración la totalidad del caso y lo resolvió por sentencia de 28 de noviembre de 1927 declarando nula la ordenanza impugnada y ordenando que el peticionario continuara en el desempeño de su cargo como si tal ordenanza no se hubiera dictado, con imposición de costas y honorarios de abogado a la asamblea.

No conforme ésta interpuso el presente recurso de apelación señalando en su alegato la comisión de cinco errores.

■ Por el primero se sostiene que erró la corte al resolver que era el *certiorari* el procedimiento adecuado para revisar los actos de la asamblea en un caso de esta naturaleza, citando en apoyo de su contención lo resuelto en *Coll* v. *Todd, Alcalde,* 35 D.P.R. 625, 626, así:

"(1) Estamos algo inclinados a convenir con el apelado que un certiorari de acuerdo con la Ley Municipal no es el modo de revisar el acto de un alcalde al destituir un empleado municipal. La sección pertinente es como sigue:

"'Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada: (a) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal, del alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante certiorari.' Leyes de Puerto Rico, 1924, p. 106, Sección 65.

"Los autos del caso no demuestran que se violó ningún derecho constitucional del peticionario o que se hizo algo contrario al Acta Orgánica o a las leyes de Puerto Rico. No entendemos que el destituir un funcionario, aún sin justa causa, cae dentro de estas disposiciones."

La misma situación jurídica que en el caso de *Coll, supra,* existe en éste. Podríamos detenernos aquí y revocar la sentencia recurrida. Sin embargo, como en el caso de Coll, seguiremos adelante en nuestro estudio.

■■ Alega la apelante como segundo error el cometido a su juicio por la corte de distrito al negarse a desestimar la solicitud por haberse dirigido contra la asamblea y no contra el alcalde que es el funcionario que tenía el poder de nombrar y destituir al demandante.

Es raro en verdad lo que ocurre en este caso.

En la solicitud se alega que el peticionario "desde el día 15 de diciembre del 1925 hasta el presente ha venido desempeñando sus funciones como tal director de beneficencia por virtud del nombramiento legalmente hecho por la asam-

blea municipal demandada en la sesión que celebró el referido día 14 de diciembre de 1925, quedando firme este nombramiento por no haber sido vedado ni desaprobado por el Alcalde del Municipio de Patillas, P. R., dentro de los cinco días siguientes a la fecha en que se hizo'', y del *return* aparece en efecto que en la sesión de la asamblea del 14 de diciembre, 1925, ''la presidencia sometió el nombre del Doctor Virgilio Rivera Aromí, para ser nombrado interinamente como director de beneficencia municipal. El señor Figaredo manifestó, que debía llamársele la atención, sobre la atención que debe prestar a los enfermos del campo, para que luego no ocurran disgustos. La asamblea acuerda aceptar el nombramiento propuesto en condiciones de interinidad y de acuerdo con lo manifestado por el señor Figaredo.''

Y en la solicitud también se alega que la asamblea en su sesión ordinaria de 12 de agosto de 1927, declaró cesante al peticionario, constando del *return* que la asamblea en la indicada fecha aprobó la siguiente resolución que, en parte, dice:

''Resuélvase por la Asamblea Municipal de Patillas, Puerto Rico:

''Primero: Que la Asamblea Municipal en sesión ordinaria que celebrara el día catorce del mes de diciembre, 1925, nombró para desempeñar interinamente al Doctor Virgilio Rivera Aromí, para ocupar el puesto de Director de Beneficencia Municipal de este pueblo.

''*         *         *         *         *         *         *

''Cuarto: Que para mejorar el indicado servicio la Asamblea ordena que no se continúen utilizando los servicios del Dr. Rivera Aromí, los que quizás debido a su interinidad no tiene el gusto que podrían tener si dicho nombramiento fuese en propiedad.

''*         *         *         *         *         *         *

De acuerdo con la ley municipal vigente el 14 de diciembre de 1925, (Leyes de 1925 p. 709) era el alcalde con el consentimiento de la asamblea y no la asamblea el que tenía facultad para nombrar al peticionario. De suerte que según los propios términos de la solicitud, nunca tuvo el peticionario un nombramiento válido, ya que no puede aceptarse

la teoría de la convalidación del nombramiento por la no oposición del alcalde.

Y de acuerdo también con la ley vigente el 12 de agosto de 1927, (Leyes de 1925 p. 709) era el alcalde por sí solo mediante el procedimiento adecuado el único que podía destituir al peticionario.

Siendo esto así, dependiendo el nombramiento y la destitución del alcalde, mientras el alcalde no actúa, nada válido existe. La solicitud no se dirige contra el alcalde. Nada se consigna en ella con respecto a lo que haya podido hacer el alcalde. No hay, por tanto, un verdadero caso ante la corte. Ningún perjuicio real aparece sufrido por el peticionario. Si es que su nombramiento había sido hecho por el alcalde y en su sesión del 1º de diciembre de 1925 la asamblea meramente se limitó a prestar su consentimiento como sostienen el juez sentenciador en su opinión y el apelado en su alegato variando los hechos alegados en y la teoría de la solicitud, mientras el alcalde no lo destituyera, el peticionario continuaría en las funciones de su cargo.

Por eso esta corte en el caso de *Cantres* v. *Municipio de Río Grande*, 34 D.P.R. 800, 801, dijo:

"La petición no aparece bien dirigida. Se establece contra el municipio como entidad jurídica y la asamblea municipal. El caso de *Rodríguez* v. *El Municipio de Guánica*, 31 D.P.R. 495, que cita en su apoyo el peticionario no es aplicable. Esta decisión se funda en una situación legal distinta, o sea, cuando las asambleas municipales estaban investidas del poder de nombrar el concejo de administración. Véase artículo 28, Ley No. 85, aprobada en julio 31, 1919 (p. 701). Esta ley fué enmendada y el poder de hacer el nombramiento de los funcionarios ejecutivos pasó a los alcaldes, según prescriben los artículos 28 y 29 de la Ley enmendatoria No. 11, aprobada en junio 3, 1924 (p. 84). Bajo esta ley se hizo el nombramiento del peticionario y el alcalde es la parte que debió ser demandada."

Los otros errores se refieren a los derechos que pueda tener un funcionario interino como lo era el peticionario y

a ciertas conclusiones a que llegara el juez sentenciador en su opinión. No es necesario ni parece oportuno discutirlos.

Tanto por no ser el *certiorari* el procedimiento adecuado cuanto por no haberse presentado un verdadero caso ante la corte, *debe revocarse la sentencia apelada y dictarse otra anulando el auto expedido y declarando sin lugar la solicitud.*