Rosa A. González, demandante y apelante, *v.* Roberto H. Todd, Alcalde de San Juan, demandado y apelado.

No. 4732.—*Sometido:* Marzo 14, 1929. *Resuelto:* Nov. 18, 1929.

*L. Muñoz Morales* y *Petronila Vientós Gastón,* abogados de la apelante; *M. F. Rossy* y *Eugenio Font Suárez,* abogados del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Rosa A. González era superintendente e instructora de la escuela de enfermeras del hospital municipal de San Juan de Puerto Rico, cargo que venía desempeñando desde 1º de junio de 1927. En 2 de abril de 1928, recibió dicha superintendente la copia de un pliego de cargos formulados por el alcalde de San Juan, y que son como sigue:

"1º—Que siendo usted la persona que tiene bajo su cuidado el récord de las alumnas de la Escuela de Enfermeras de los Hospitales Municipales, a sabiendas de que las alumnas Antonia Rodríguez León y Carmen Díaz Echevarría no tenían de matriculadas en dicha escuela los tres años que determina la Ley para poder tomar exámenes de Enfermeras, extendió y firmó diplomas a las dichas alumnas Antonia Rodríguez León y Carmen Díaz Echevarría, induciéndolas a que solicitaran tal examen ante el Board of Medical Examiners;

"2º—Que usted, en su carácter de Superintendente del Hospital Municipal e Instructora de la Escuela de Enfermeras de dicho establecimiento, que está bajo la jurisdicción de este Municipio, a sabiendas de que las alumnas Antonia Rodríguez León y Carmen Díaz Echevarría no contaban los tres años de matriculadas en dicha escuela, pues la primera ingresó el 26 de noviembre de 1925 y la segunda el 14 de octubre de 1925, certificó en el diploma que expidió a las indicadas alumnas, que habían finalizado el término de instrucción de tres años, violando el artículo 63 del Reglamento del Hospital Municipal de San Juan, adoptado el 15 de febrero de 1927 por la Asamblea Municipal de San Juan, que taxativamente dice así: 'Al finalizar el término de instrucción de tres años, y hayan demostrado (las alumnas) eficiencia en todas las asignaturas y comportamiento y debidamente pasados los exámenas correspondientes, recibirán un título de Enfermera Graduada, expedido por el Hospital y el Director de Beneficencia.'

"3º—Que usted, como Superintendente del Hospital Municipal e Instructora de la Escuela de Enfermeras, a sabiendas de que las alumnas Antonia Rodríguez León y Carmen Díaz Echevarría no

habían terminado la instrucción de tres años en dicha escuela, sorprendió a los Dres. Narciso Moreno, Director de Beneficencia y J. R. Rolenson, Director del Hospital Municipal de San Juan, enviándoles una lista de las alumnas que cursaban estudios en la Escuela de Enfermeras, cuyos doctores guiados por la confianza que tenían en la Instructora de dicha Escuela y creyendo en la buena fe de ella, firmaron los diplomas de las alumnas Antonia Rodríguez León y Carmen Díaz Echevarría, en la seguridad que tenían el tiempo que marcan la Ley y el Reglamento del Hospital faltando usted a la lealtad que todo subalterno debe a sus superiores en el desempeño del servicio a ellos encomendados.—Atentamente (Firmado) Roberto H. Todd.—Alcalde de San Juan.—Recibida a las 11:10 a. m. del día 2 de abril de 1928.—(Firmado) Rosa A. González, R. N., Superintendente.—(Firmado) Isidoro D. Delgado.—Testigo. (Firmado) Dr. D. L. Rivera.—Testigo.''

La aquí apelante contestó los cargos. En su oportunidad se llevó a efecto la audiencia de esos cargos, con intervención de la señorita González, que asistió con su abogado; declararon testigos; se presentaron documentos en prueba; y el alcalde, ante quien se tramitó el expediente, destituyó de su cargo a la señorita González. Ella entonces acudió a la corte de distrito de San Juan, en petición de un auto de *certiorari,* en cuya petición se alegó, en esencia, que la resolución dictada por el alcalde en ese expediente no estaba justificada por la prueba, que no existía justa causa para la destitución, que no se había probado malicia o fraude por la peticionaria, que la firma de ésta no era necesaria para los diplomas de las graduadas como enfermeras, que el alcalde había actuado ilegalmente, en exceso de su jurisdicción, y su resolución fué nula. La corte libró el auto para que se remitieran los documentos del caso.

El *return* contiene toda la copia taquigráfica de los procedimientos orales, y la copia de los documentos presentados en prueba.

En la vista, el alcalde querellado impugnó la petición, según aparece de la resolución de la corte, alegando defecto en el juramento, existencia del remedio de apelación de acuerdo

con el artículo 29 de la ley municipal, y que el *certiorari* no es el remedio adecuado.

En su sentencia de fecha 10 de julio de 1928, a la que se acompaña una relación del caso y opinión, la corte declaró sin lugar la solicitud y anuló el auto dictado. Y contra esa sentencia se ha interpuesto la presente apelación, por la peticionaria, que ofrece tres señalamientos de error, como sigue:

"1.—Error de derecho al sostener que las cortes no pueden revisar dentro del recurso de *certiorari* los errores cometidos por funcionarios administrativos, al destituir empleados.

"2.—Error de derecho al declarar que el alcalde en este caso actuó dentro de su jurisdicción y sin exceso de la misma.

"3.—Error de derecho al confirmar la resolución del alcalde sin haber estudiado y examinado la prueba aportada por la peticionaria."

██ Para resolver el punto principal en un caso como el que consideramos, es preciso traer a esta opinión lo decidido por este mismo tribunal, estableciendo doctrina legal, o confirmando la ya establecida.

En el caso *Piovanetti* v. *Asamblea Municipal de Yauco,* 31 D.P.R. 522, este tribunal, con relación al recurso de *certiorari* establecido por el artículo 65 de la ley municipal, dijo:

"Es cierto que la Legislatura de Puerto Rico fué tan lejos que ha permitido la revisión, no ya de los actos administrativos, si que también de los legislativos de las asambleas municipales, pero al intervenir las cortes en esa revisión mediante *certiorari* deben actuar con sujeción a los principios bien establecidos por la jurisprudencia."

"Sólo debe investigarse si la Asamblea tuvo o no jurisdicción, o excedió en el ejercicio de la misma, o el procedimiento adoptado para ejercitarla fué erróneo o actuó *ultra vires.*"

En el caso *Coll* v. *Todd,* 35 D.P.R. 625, la doctrina jurídica no fué alterada, y se dijo allí lo que sigue:

"Estamos algo inclinados a convenir con el apelado que un *certiorari* de acuerdo con la Ley Municipal no es el modo de revisar el acto de un alcalde al destituir un empleado municipal. La sección pertinente es como sigue:

"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada: (*a*) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal, del alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari*." Leyes de Puerto Rico, 1924, p. 106, sección 65.

"Los autos del caso no demuestran que se violó ningún derecho constitucional del peticionario o que se hizo algo contrario al Acta Orgánica o a las leyes de Puerto Rico. No entendemos que el destituir un funcionario, aun sin justa causa, cae dentro de estas disposiciones."

Y luego:

"Suponiendo, sin embargo, que el *certiorari* sea el remedio adecuado, ¿cuál es el deber de la corte? A lo sumo revisar el procedimiento para ver si hay algo que justifique la acción del funcionario que destituyó al peticionario. Normalmente, el funcionario con poder para destituir es el único juez de la prueba y el deber de la corte es ver si hay una absoluta falta de prueba que justifique la destitución o algo similar. Castro v. Quiñones, 34 D.P.R. 199, 202; 5 R.C.L. 263–4. Suponiendo siempre que el funcionario destituído haya sido debidamente notificado y haya sido oído, de lo cual no hay cuestión en esta apelación.

"3.—Ni está un funcionario con poder para destituir sujeto a alguna de las sutilezas que gobiernan a una corte de justicia. Estaría menos que una corte limitado por una contradicción entre los cargos y la prueba."

Con estos precedentes, es de conveniencia copiar algún párrafo de la resolución apelada, porque se ajusta exactamente a la verdadera situación, y se declara la mejor norma y más sana doctrina para estos casos. Dice la corte sentenciadora:

"El derecho a un cargo no es un derecho constitucional; es simplemente una confianza que se deposita en una persona para que asuma ciertos deberes públicos para beneficio de la comunidad; y cuando a juicio del poder nominador ha habido una violación o desviación de tales deberes, y a esa conclusión ha llegado mediante la apreciación y análisis de una prueba de cargo y de defensa, no deben, ni pueden, los tribunales, intervenir con las actuaciones del funciona-

rio nominador (en este caso el alcalde), porque tal cosa sería penetrar en el campo de su discreción, en menoscabo y perjuicio de los públicos intereses.

''Aceptando que el remedio en este caso sea el *certiorari*, debemos convenir en que no ha hibido exceso de jurisdicción, ni error en el procedimiento, ni actuaciones *ultra vires* del alcalde, y que el procedimiento adoptado para la destitución de la empleada querellante se ajustó a la Ley, por lo que debemos anular, y anulamos el auto expedido en este caso, y declarar, como declaramos, sin lugar, en todas sus partes, la petición de *certiorari*. Sin especial condenación de costas.''

Aceptamos la doctrina que en esos párrafos se declara.

Hemos leído la transcripción taquigráfica para deducir de su lectura que no se trata de un caso en el que el alcalde procediera a la suspensión sin tener prueba alguna que le autorizara y justificara. La apelante remitió la lista de graduantes en la que figuraban los nombres de las dos aspirantes Antonia Rodríguez León y Carmen Díaz Echevarría, que carecían del indispensable requisito de los tres años de estudios y preparación; la apelante conocía la ley y conocía los reglamentos; y al enviar la lista, y al firmar los diplomas, violaba la ley, conscientemente. Si hubo fraude, o hubo crasa negligencia, es materia que no tiene la importancia que se le ha querido dar. No la tiene tampoco la circunstancia de que hubiera, en otra ocasión, sido aceptada otra aspirante que no reunía las condiciones legales, aunque esto se hubiera probado, la existencia de un precedente malo o erróneo, no autoriza a nadie a actuar fuera de la ley.

No podemos convenir en la existencia de los errores que se señalan.

*La sentencia apelada debe confirmarse.*

El Juez Presidente Señor del Toro no intervino.