CARMEN M. GIL, demandante y apelada, *v.* HON. CARLOS E. CHARDÓN, en su carácter de Comisionado de Agricultura y Trabajo de Puerto Rico, demandado y apelante.

No. 4945.—*Sometido:* Diciembre 18, 1929. *Resuelto:* Junio 25, 1930.

*Attorney General James R. Beverley* y *R. Cordovés Arana,* Sub-Procurador, abogados del apelante; *Juan B. Soto,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La señorita Carmen M. Gil presentó esta solicitud de

*mandamus* pidiendo a la corte que ordenara al Comisionado de Agricultura y Trabajo, reponerla en su puesto de secretaria y primer oficinista en el Negociado de Fomento Agrícola de su departamento.

Los hechos en que se basa, se exponen en la solicitud, así:

"2. Que la demandante era en enero del año 1924 y ha continuado siéndolo sin interrupción alguna miembro del Servicio Civil Clasificado de Puerto Rico, habiendo tomado y aprobado los exámenes correspondientes y habiendo sido incluída en la lista de miembros de dicho Servicio.

"3. Que en julio de 1924 el Comisionado de Agricultura y Trabajo de Puerto Rico nombró a la demandante Secretaria y Primer Oficinista del Negociado de Fomento Agrícola de dicho Departamento con un sueldo de $2,000.00.

"4. Que dicho puesto de Secretaria y Primer Oficinista del Negociado de Fomento Agrícola de dicho Departamento existía al tiempo de ser nombrada para ocuparlo la demandante y existe aún formando parte de los cargos públicos que deben ser ocupados por miembros del Servicio Civil Clasificado.

"5. Que el demandado el día 25 de septiembre de 1928 escribió a la demandante una carta invitándola a renunciar el puesto de Secretaria y Jefe de Oficina del Negociado de Fomento a que se alude en el párrafo anterior de esta demanda dentro de las próximas 48 horas y prohibiendo a la demandante que volviera a su oficina durante dicho término.

"6. Que en septiembre 29 de 1928 el demandado dirigió a la demandante una carta suspendiéndola de empleo y sueldo y retrotrayendo sus efectos al día 25 de dicho mes. A la referida carta se acompañó copia de una que manifiesta el demandado es copia a su vez de otra dirigida a él por el Sr. Ignacio L. Torres, Director Auxiliar del Negociado de Fomento Agrícola. Copiada literalmente dichas cartas, dicen así:

" 'Sept. 29, 1928.—Srta. Carmen M. Gil, San Juan, P. R.—Señorita: Le acompaño copia de una carta que con fecha 20 de julio recibí del Sr. Ignacio L. Torres Director Auxiliar del Negociado de Fomento Agrícola de este Departamento, la cual se explica por sí sola. Esta carta quedó en mi oficina detenida sin que yo tomara acción sobre ella por haber mediado la promesa de Ud. de que presentaría su renuncia al cabo de unas vacaciones que se le concedieron a Ud. y que expiraron en septiembre 25.

" 'Lo expuesto por el Sr. Torres la acusa a usted de haber ejecutado un acto de insubordinación que apareja la destitución de usted como empleada en el Departamento de Agricultura y Trabajo.

" 'Por tanto, se le concede hasta el miércoles 3 de octubre a las diez de la mañana para que conteste los cargos contenidos en la carta del Sr. Torres, quedando usted por la presente suspendida de empleo y sueldo a partir del día 25 de septiembre de 1928, en el cual terminan sus vacaciones, llamando su atención que en caso de no recibir contestación antes de dicha fecha y hora consideraré que los cargos expresados son aceptados por usted y quedará usted *ipso facto* destituída de su cargo.—Atentamente, (f) Carlos E. Chardón, Comisionado.'

" 'A 20 de julio de 1928.—Hon. Carlos E. Chardón, Comisionado de Agricultura y Trabajo, San Juan, Puerto Rico.—Señor: El día 16 del corriente, al revisar los informes semanales recibidos de los distintos empleados del Negociado de Fomento Agrícola, noté con extrañeza que el correspondiente al Agente Agrícola, Emilio Muñoz, no estaba entre los recibidos. Solicité los motivos de la Srta. C. M. Gil, quien tenía a su cargo el recibo de estos informes, su ordenación y compilación, trabajo que corresponde a ella como Secretaria y Primer Oficinista del Negociado de Fomento Agrícola, así como también por órdenes expresas dadas en este sentido en días antes.

" 'La Srta. Gil, en un arrebato de cólera y con una voz destemplada me contestó en estas o parecidas palabras:

" 'Usted es un desmemoriado; ya yo le he dicho anteriormente que el informe de Emilio Muñoz no ha llegado.' Con el objeto de conservar la armonía y el orden de la oficina hice caso omiso de la contestación imperativa de la Srta. Gil, y llamé la atención al hecho de que el Agente Muñoz había estado en la oficina durante cuatro o cinco días en la semana anterior y que muy bien pudo ella haberle pedido el informe en aquella ocasión. La citada Srta. Gil, sin deponer su actitud agresiva y haciendo uso de palabras impropias del caso, me increpó duramente haciéndome cargos sobre la responsabilidad en que estaba yo de recibir tales informes y que ella había cumplido su deber habiéndome informado que el citado informe de Muñoz no había sido recibido. Quiero hacer constar que la Srta. Gil no solicitó este informe a Muñoz como se le ordenó.

" 'No pudiendo sostener más esta situación desagradable en que me ponía la Srta. Gil, respetuosamente la increpé para que usara las formas y el lenguaje propios para dirigirse a su jefe inmediato. El resultado que tuve fué una amenaza de ella en el sentido de quejarse al Comisionado de mí, si no retiraba mi reprimenda, y como

no lo hice ella fué donde Ud. en queja, con cuyo acto me obligaba a retirarle mi confianza.

" 'Después de esto Ud. recordará que personalmente le hablé sobre este asunto, y estuvimos pendientes de que la Srta. Gil tuviese una oportunidad de encontrar una colocación en otro Departamento o renunciar ya que su posición en mi oficina era insostenible debido a su insubordinación manifiesta y al poco respeto demostrado al que suscribe.

" 'Por tanto, expongo el caso a su consideración suplicándole respetuosamente se proceda a exigir responsabilidad a la citada Srta. Gil, por el acto cometido ya que los servicios de esta oficina sufren serio quebranto al no existir relaciones cordiales entre el jefe y su subalterna inmediata que hace las veces de su secretaria.

" 'Los señores Tomás Vera Ayala, Alfonso del Valle y Rafael López Capó son testigos oculares de todo lo ocurrido.—Atentamente, (f) Ignacio L. Torres, Director Agrícola Auxiliar.'

"7. Que el día 2 de octubre de 1928 fué entregada al demandado la contestación de la demandante al cargo de insubordinación que se le imputa en dichas cartas, siendo dicha contestación a dichos cargos, literalmente copiada, la siguiente:

(Se transcribe íntegra en la demanda. Es amplia y detallada y, en resumen, admite los hechos, pero niega que ocurrieran en la manera descrita por el Sr. Torres, exponiéndolos en la forma en que, según la demandante, tuvieron lugar.)

"8. Que el día 8 de octubre de 1928 la demandante envió al demandado, en pliego certificado que el demandado recibió con la misma fecha, una carta solicitando de dicho demandado, que fijara día y hora para la sustanciación de los cargos a que arriba se hace referencia, y para la celebración de la vista correspondiente; y que dicho día y hora le fueron notificados a la demandante.

"9. Que el demandado, en vez de acceder a tal solicitud para que se abriera una información del caso señalándose la vista correspondiente, escribió y dirigió a la demandante al día siguiente al en que la demandante solicitó de dicho demandado dicha vista, una carta destituyéndola de su puesto como Secretaria y Primer Oficinista del Negociado de Fomento Agrícola del Departamento de Agricultura y Trabajo, desde el día 25 de septiembre de 1928.

"10. Que en carta recibida por la peticionaria y fechada el 30 de octubre de 1928, que le fuera dirigida por el demandado en este caso, dicho demandado notificó a la demandante peticionaria, que quedaba la demandante restituída en el puesto de Secretaria y Primer Oficinista del Negociado de Fomento Agrícola, con efectividad

dicho nombramiento a partir del día 25 de septiembre del mismo año.

"11.—Que posteriormente, o sea con fecha 10 de noviembre de 1928, el demandado dirigió a la demandante la carta que a continuación se transcribe:

" '10 de noviembre de 1928.—Srta. Carmen M. Gil, Secretaria y Primer Oficinista, Carretera Nueva, Parada 14, Santurce, P. R.—Señorita: En mi carta del 29 de septiembre de 1928, envié a Ud. un pliego de cargos presentados contra Ud. por el Sr. Torres, Director Auxiliar del Negociado de Fomento Agrícola de este Departamento. Posteriormente, con fecha 2 de octubre, recibí las contestaciones a dichos cargos, y habiendo dado cuidadoso estudio tanto a los cargos presentados por el Sr. Torres como a las contestaciones dadas por usted, decidí ordenar su destitución del cargo que ocupaba en nuestro departamento.

" 'En mi carta del 30 de octubre notifiqué a Ud. que no habiéndose llenado todos los requisitos que exige la sección 7 del Reglamento de la Ley del Servicio Civil Portorriqueño en la tramitación de los cargos formulados contra usted, la restituí en el puesto de Secretaria y Primer Oficinista del Negociado de Fomento Agrícola, con efectividad a partir del 25 de septiembre próximo pasado. Hice esto con el objeto de dar a usted todas las oportunidades a que tiene derecho de acuerdo con la ley. Sin embargo, con el objeto de tramitar debidamente el expediente de referencia, se le notifica que a partir del próximo lunes, día 12 del corriente, quedará suspendida de empleo y sueldo hasta tanto se lleve a cabo el procedimiento que menciono a principio de este párrafo. Le envío de nuevo copia de los cargos del Sr. Torres.

" 'Al efecto, celebraré una audiencia en mi oficina el miércoles 14 del corriente, a las diez de la mañana, para la cual queda usted citada por medio de la presente con el objeto de que en dicha audiencia se presente la prueba que usted por su parte, y el Sr. Torres por la suya, crean pertinentes, teniendo usted en dicha audiencia derecho a repreguntar los testigos.—Atentamente, (f) Carlos E. Chardón, Comisionado.'

"12. Que de acuerdo con los términos de dicha carta el demandado reprodujo contra la demandante los mismos cargos por los cuales el demandado había destituído primero a la demandante, reponiéndola más tarde.

"13. Que a dichos cargos la demandante contestó nuevamente reproduciendo la carta que aparece inserta en el hecho séptimo de esta demanda.

"14. Que oportunamente se celebró una audiencia en la cual se practicó la prueba correspondiente por ambas partes, de la cual se acompaña copia.

"15. Que el día 28 de noviembre de 1928, con posterioridad a la celebración de dicha audiencia, el demandado destituyó a la demandante, por motivo de los mismos cargos de que previamente había sido absuelta dicha demandante.

"16. Que la demandante en ningún momento ha renunciado dicho cargo, ni ha perdido su condición de miembro del Servicio Civil Clasificado de Puerto Rico."

Expedido el auto en forma alternativa, contestó el demandado aceptando todas y cada una de las alegaciones contenidas en los hechos 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16 y 20 de la mencionada solicitud, y aceptando parte de las alegaciones 15, 17 y 18, exponiendo a su vez lo que estimó pertinente en relación con las mismas.

Como materia nueva constitutiva de oposición a la solicitud alegó varios hechos que no estimamos necesario transcribir.

Y como nuevas, distintas y separadas defensas especiales, alegó:

"1. Que el procedimiento para destituir a un funcionario o empleado público es de naturaleza administrativa y no penal por lo que la defensa de 'former jeopardy' no es aplicable a estos casos.

"2. Que la solicitud de *mandamus* tal como fué redactada, no aduce hechos constitutivos de causa de acción a favor de la peticionaria.

"3. Que el recurso de *mandamus* no es el adecuado ni procede para revisar la orden de destitución de un funcionario público cuando, como en este caso, aparece que se han cumplido todas las formalidades de ley y que existe causa legal para la destitución decretada.

"4. Que el remedio de *mandamus* es improcedente para decidir si la destitución de la peticionaria era o no necesaria para la buena marcha, y eficiencia del servicio público, porque envuelve una cuestión discrecional, cuya resolución compete únicamente al demandado."

Tomado el caso bajo su consideración, la corte lo decidió

en favor de la peticionaria. Después de exponer los hechos, dijo, en su relación del caso y opinión:

"De acuerdo con la Regla VII del Reglamento del Servicio Civil, promulgado por el Gobernador de Puerto Rico, 'ninguna persona podrá removerse de un cargo del Servicio Civil Clasificado sino por aquellas causas que favorezcan la eficiencia del servicio y por motivos que se presentarán por escrito.' La Ley del Servicio Civil en su sección 5, apartado 2, párrafo (c), también así lo dispone.

"Un empleado incluído en el Servicio Civil Clasificado tiene derecho a no ser separado de su cargo sino por causa para el bien del servicio público. Castro v. Gallardo, Tesorero, 34 D.P.R. 199.

"El inciso 5 de la Regla V enumera las causas que se consideran buenas y suficientes para la destitución del servicio y son las siguientes:

"(a) Por delincuencia o mala conducta;

"(b) Por incapacidad física o mental;

"(c) Por conducta criminal, deshonrosa, inmoral o notoriamente degradante;

"(d) Por hacer intencionalmente una declaración falsa sobre cualquier hecho sustancial, o por practicar cualquier engaño o fraude para conseguir examen, certificado o nombramiento;

"(e) Por negarse a prestar declaración según se requiere por la Ley del Servicio Civil; y

"(f) Por el uso habitual y excesivo de bebidas intoxicantes.

"Examinados los cargos que se imputaron a la peticionaria hallamos que ninguno puede equipararse a los indicados en la Regla V, si se considera detenidamente lo ocurrido entre la peticionaria y el jefe inmediato, según aparece del pliego de cargos y de la contestación, ya que las partes sometieron el caso por los méritos de las alegaciones. Quizás las palabras dirigidas por la peticionaria a su jefe inmediato llamándole desmemoriado y no haber pedido oportunamente el informe al agente agrícola Emilio Muñoz, ya que la obligación de presentar dicho informe estaba en el propio Emilio Muñoz, pudieran constituir faltas que determinaran una represión, pero en modo alguno son causa suficiente para la destitución por la eficiencia del servicio, especialmente, si se tiene en cuenta que tal destitución incapacita al empleado para volver al mismo.

"Desde luego que no es el propósito de la corte aquilatar la evidencia que se presentara por una y otra parte durante la investigación de los cargos y decidir si fué o no suficiente, porque esa evi-

dencia no se nos ha presentado, y ésa no sería nuestra misión, sino simplemente determinar si los cargos presentados constituyen justa causa para la destitución. A nuestro entender, no lo constituyen, considerada la letra y el espíritu de la ley.

"Cuando un empleado es destituído ilegalmente y sin causa justificada, el *mandamus* es el remedio adecuado para reponerle en el cargo. 38 C. J. 709–710; Ex Rel Meyer v. Bealdwing, 19 L.R.A. (N.S.) 40.

"En cuanto a que la reposición de la peticionaria constituya un nuevo nombramiento, no lo estimamos así porque a ella no se le extendió un nuevo nombramiento, sino que meramente se le repuso en el cargo para darle la oportunidad de oírla, ya que se le había destituído sin previa audiencia ni oportunidad de defenderse."

No conforme el Comisionado, apeló. Su alegato está cuidadosamente preparado por la oficina del Attorney General de Puerto Rico.

 Lo que más nos ha hecho vacilar en nuestra resolución, es la circunstancia de si habiéndose dado, como se dió, definitivamente, audiencia a la peticionaria, en cuya audiencia se practicó prueba que no consta ante nosotros, estamos, como corte de justicia, justificados en intervenir con el juicio que formara el Jefe del Departamento en cuanto al bien del servicio público cuya suprema dirección le está encomendada.

La tendencia moderna, y la más justa, y el espíritu de la ley creadora del servicio civil son garantizar la eficiencia del trabajo público, formando y sosteniendo un cuerpo de empleados competente, laborioso y honrado que no esté sujeto a los cambios, veleidades o apasionamientos políticos, o a la mala voluntad, el despotismo, o las miras interesadas de los jefes, sino que dependa de sí mismo, de su propia conducta en el ejercicio de sus funciones. Cumplir con el deber, tal es la norma del empleado; y si lo cumple, considerarse en su posición seguro, tal la garantía de la ley, que si se viola será restablecida por los tribunales de justicia.

Después de un cuidadoso estudio, creemos que una cita

que hace la propia parte apelante, en su alegato, nos muestra el camino a seguir en este caso. Dice:

"El *mandamus* es un remedio adecuado para impedir que un funcionario, o junta, separe de su empleo a un funcionario o empleado, sin autoridad para ello, o cuando hay un manifiesto abuso de discreción." 38 C. J. 704.

La autoridad del Comisionado para destituir en propios casos, no puede discutirse. Que el procedimiento seguido se ajustó a las normas establecidas por la jurisprudencia y la buena práctica, tampoco puede discutirse. Se dió a la peticionaria amplia oportunidad de ser oída y defenderse, después de habérsele formulado cargos por escrito. Bajo esas circunstancias, sólo a virtud de un manifiesto abuso de discreción por parte del Comisionado, podrá intervenir la corte, pues debe reconocerse que nadie está en mejores condiciones que él para juzgar si la destitución del empleado que trabajaba a sus órdenes favorecía o no la eficiencia del servicio público de que es él el principal responsable.

Todo depende, en tal virtud, de que el Comisionado abusara o no de su poder discrecional.

Las circunstancias son tales que a nuestro juicio demuestran que existió el abuso. No debe aceptarse como buena la actitud asumida por la peticionaria para con su jefe inmediato. Jamás debió contestarle en la forma en que lo hizo, pero esa actitud no justifica la destitución. Tal fué la primera impresión recibida en el acto de la vista del recurso; tal la impresión que perdura después de un estudio detenido del mismo.

Una casa dividida contra sí misma no puede subsistir. Diferencias entre jefes y empleados, son dañosas al servicio público, y si se extienden hasta llegar a constituir una verdadera división, terminarán por arruinar el servicio. Pero dar la razón en absoluto a la parte más fuerte, con mayor autoridad dentro de la casa, en el primer leve conflicto; tomar la medida extrema de echar fuera del hogar por una falta

explicable, no reveladora de intención dañada, a uno de sus miembros, constituye un mal mayor que el que se trata aparentemente de evitar. Deben ponerse en ejercicio los medios que el conocimiento de la naturaleza humana aconseja, que el reconocimiento de la dignidad personal exige y que la ley consagra, antes de acudirse a la destitución. A veces, después de darse cuenta de la falta cometida, y de la actuación elevada del encargado de corregirla, surge una situación de conciencia mejor para el decidido cumplimiento del deber, y por consiguiente beneficiosa para el servicio público.

Aceptando que la peticionaria olvidó pedir el informe y procedió de la manera que expresa el Sr. Torres en su carta al Comisionado, creemos que su actuación constituye una falta reprensible, pero estimamos que no reviste la gravedad necesaria para servir de base a su destitución.

*Por virtud de todo lo expuesto, debe confirmarse la sentencia recurrida.*