ANTONIO PÉREZ AMADOR, demandante y apelado, *v.* GUILLERMO
ESTEVES, COMISIONADO DEL INTERIOR, demandado y ape-
lante.

No. 5294.—*Sometido:* Marzo 17, 1931. *Resuelto:* Enero 15, 1932.

*Hon. Attorney General Interino Arturo Ortiz Toro y T. Torres Pé-
rez, Subprocurador,* abogados del apelante; *R. Rivera Zayas,*
abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de San Juan ordenó en una
petición de *mandamus* que Antonio Pérez Amador fuese
restituído en su empleo. La corte resolvió que el peticionario
había sido empleado del Departamento de Policía y que me-
diante cierto convenio celebrado entre el Comisionado del
Interior y el Jefe de la Policía el peticionario fué transferido
a un puesto en el Negociado del Telégrafo Insular. El cargo
específico para el cual fué nombrado fué el de oficinista y
traductor. Los autos en su totalidad no dejan duda alguna
de que el traslado fué debidamente hecho bajo la Ley de
Servicio Civil y su reglamento. Sucede que la persona que
ocupaba este empleo era por regla general designada tam-
bién como encargado de la propiedad. No importa que su
nombramiento como encargado de la propiedad dependiera de
la aprobación del contador. Cuando su caso fué sometido al
Contador de Puerto Rico éste se negó a aprobar la fianza

por razones que probablemente fueron sometidas al Comisionado del Interior. Este último formuló cargos al peticionario, le suspendió de su empleo, y, a solicitud de éste, nombró al Sr. A. S. Romero para que investigara los cargos. En esta investigación el Sr. Romero retiró prontamente los cargos y así se lo informó al peticionario. No obstante el Comisionado del Interior se negó a restituir al peticionario en su empleo, alegando que uno de los cargos aún subsistía y que era al contador a quien el peticionario debía dirigirse.

El demandado en su contestación trató de alegar defensas especiales que consistían más o menos en la idea de que era suficiente causa para remover al peticionario el que éste, faltando la aprobación del contador, no pudiera calificarse debidamente para desempeñar el puesto de encargado de la propiedad. La Corte de Distrito de San Juan resolvió que las defensas especiales carecían enteramente de mérito, y convenimos en ello. La corte y el apelado ponen de relieve que el empleo para el cual el peticionario fué designado no fué el de encargado de la propiedad sino el de oficinista y traductor en la oficina del Negociado del Telégrafo.

El hecho de que el Contador de Puerto Rico dejara de aprobar su fianza o de designarle como encargado de la propiedad no era motivo alguno para remover al peticionario de su empleo legal. El puesto de encargado de la propiedad podía ser desempeñado por cualquier otra persona. Si bien lo accesorio frecuentemente sigue a lo principal, sin embargo no se desprende que lo accesorio deba regir a lo principal.

De suerte que en este caso la única forma en que el peticionario podía ser removido de su empleo fué mediante cargos suficientes debidamente formulados y después de celebrada una vista. En varios casos hemos resuelto que tal vista es indispensable y un requisito claro al tratar de remover a una persona de su empleo dentro del servicio civil clasificado por causa. *Castro v. Gallardo,* 34 D.P.R. 199; *Gil v. Chardón,* 41 D.P.R. 218.

*Debe confirmarse la sentencia apelada.*