MARTÍN ALMODÓVAR, demandante y apelado, *v.* ENRIQUE ACOSTA CALDERÓN, demandado y apelante.

No. 5152.—*Sometido:* Febrero 13, 1931. *Resuelto:* Marzo 11, 1932.

*Juan Valldejuli,* abogado del apelante; *Luis Tirado Géigel,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demanda en este caso alega en síntesis que el demandado era en 31 de marzo de 1927 dueño de una guagua denominada ''University Bus''; que en dicho 31 de marzo y como a las 7:15 a. m., en la Avenida Ponce de León, frente al edificio escuela José Julián Acosta, la referida guagua ''University Bus'', conducida por Antonio Moreno Torres, *chauffeur* del demandado, en dirección de San Juan a Santurce, chocó violentamente contra la parte trasera de la guagua No. P–1890, atrapando con su parachoques la pierna izquierda de la Sra. Providencia Acevedo, esposa del demandante,

.quien en esos momentos bajaba de la guagua P–1890. La demanda también alegó que la guagua P–1890 había permanecido estacionada por varios minutos al lado derecho de la calle, frente a la escuela José Julián Acosta. La demanda además contenía ciertas alegaciones de negligencia.

■ Cuando una guagua se halla estacionada en la carretera y otro vehículo choca con ella con algún impulso, esto presenta un caso *prima facie* de negligencia. Incumbe al demandado exculparse de la imputación de negligencia. De forma que la sentencia tendría que confirmarse a menos que el demandado demuestre que la corte cometió algún error.

■ El primer señalamiento de error es que la corte en su opinión hizo figurar en forma alternativa la siguiente conclusión:

" . . . la guagua denominada 'University Bus' . . . al doblar la curva para tomar la carretera hacia Santurce, . . . lo hizo en tal forma que, bien porque sufriera un resbalamiento sobre la carretera, o bien porque tomara la curva muy abierta, el hecho fué que vino a dar contra la parte trasera de la guagua 'La Deliciosa' . . ."

Dado el hecho de que la guagua "University Bus" chocó con la que permanecía estacionada, la forma alternativa es de todo punto impertinente. Sería meramente superfluo por parte de la corte tratar de explicar exactamente el curso seguido por la guagua.

De igual suerte, nos inclinamos al criterio de que el juzgador de los hechos, al igual que el jurado, puede llegar a una conclusión en forma alternativa. La negligencia quizá pudo haber ocurrido en alguna otra forma. Subsiste el hecho principal de que hubo un caso *prima facie* de negligencia cuando una guagua chocó con la otra.

■ El segundo señalamiento de error es uno al que las partes han dedicado el mayor tiempo, a saber, que la corte se basó en la doctrina de *res ipsa loquitur*, cuando en verdad se imputaban actos específicos de negligencia, pero como resolvemos que se presentó un caso *prima facie* de negligencia, hallamos innecesario considerar la cuestión.

El tercer señalamiento de error ataca la suficiencia de la demánda por cuanto que, entre otras cosas, la demanda dejó de alegar que el demandante en élla mencionado fuera el esposo de la persona lesionada en el accidente. La demanda aducía en su primera alegación que el demandante estaba casado con la perjudicada. Empero, en el curso de la demanda, al describirse el accidente, se menciona a la persona perjudicada como la esposa del demandante. Quizá estas alegaciones sean ambiguas y no excluyan la idea de que el demandante contrajo matrimonio después del accidente con la perjudicada. Sin embargo, como estas palabras son meramente ambiguas, ellas debieron ser atacadas mediante una excepción especial y no a virtud de una excepción general, especialmente en apelación. Además, la prueba reveló que el demandante estaba casado con la perjudicada en el momento del accidente, y la demanda podría considerarse como enmendada para demostrar este hecho.

No hay duda de que la guagua ''University Bus'' se hallaba bajo el dominio del demandado en el momento en que ocurrió el accidente. Existe una fuerte presunción al efecto de que esta guagua era conducida por uno de los empleados del demandado. *Ramos de Anaya* v. *López,* 36 D.P.R. 499; *Sánchez* v. *Asiatic Petroleum Co.,* 40 D.P.R. 184. Estas consideraciones resuelven el cuarto señalamiento de error.

No hallamos negligencia contribuyente alguna por parte de la perjudicada o de cualquier otro agente del demandante. Frecuentemente cuando un vehículo está próximo a detenerse o a dar marcha y una persona se desmonta de espalda (que es más o menos la teoría en este caso), las cortes en los Estados Unidos han permitido que la cuestión de negligencia contribuyente sea sometida al jurado. Asumiendo como cierta la prueba del demandado, la perjudicada se desmontó de espalda mientras el vehículo del cual ella descendía estaba enteramente estacionado. De suerte que la manera en que ella descendió no constituye negligencia en forma alguna. La causa próxima de la lesión fué que ella fué gol-

peada por otro vehículo, y no la forma en que ella descendió. En modo alguno está una persona obligada, bajo esas circunstancias, a prever que otro vehículo pueda arrollarla. Además, hubo prueba tendente a demostrar que la perjudicada se desmontó de lado.

En un alegato suplementario el demandado discute la cuestión de negligencia y trata de demostrar más particularmente que el conductor de la guagua no fué en realidad negligente. El apelante sostiene que era un día lluvioso y resbaladizo, que otra guagua que venía por la carretera produjo el movimiento que dió lugar al accidente; que la guagua P–1890 estaba situada en un lugar donde no tenía derecho a estar, por la connivencia de un policía que era cuñado de la perjudicada, y más en el mismo sentido. La corte evidentemente no creyó esta prueba de falta de negligencia y no hallamos motivo alguno para ir en contra de la conclusión de la corte. No estamos del todo convencidos de que el *chauffeur* del demandado actuara con la debida circunspección.

En relación con los hechos anteriores no se hizo señalamiento de error alguno y por tanto esta corte está justificada en no considerar esta supuesta falta de negligencia.

El sexto señalamiento de error se refiere a la cuantía de los daños concedida, a saber: $3,500. Quizá sea esta suma elevada, dada la naturaleza de las lesiones, pero el supuesto exceso no sería lo suficientemente grande para que este tribunal interviniera con la discreción de la corte inferior.

*La sentencia apelada debe ser confirmada.*