Epifanio Gutiérrez Vélez, demandante y apelante, *v.* Félix Monclova, Alcalde Municipal de Toa Alta, demandado y apelado.

No. 4231.—*Sometido:* Marzo 21, 1929. *Resuelto:* Julio 16, 1929.

*C. del Toro Fernández,* abogado del apelante; *J. Valldejuli Rodríguez,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Alcalde de Toa Alta formuló cargos contra el Secretario Auditor del Municipio, consistentes en haber alterado un documento oficial y en vivir públicamente en concubinato. El Alcalde actuó a virtud de una queja que le presentara el Dr. A. Crescioni.

Fijó el Alcalde un día para oír al Secretario Auditor. Entre tanto fué recibiendo ciertas declaraciones juradas en relación con los cargos. En el día fijado compareció el Secretario con su abogado y éste pidió que se le permitiera examinar la prueba oficial. No accedió el Alcalde e indicó al Secretario que procediera a formular su defensa. No estuvo conforme el abogado, retirándose con su defendido. Sin más trámites, el Alcalde declaró probados ambos cargos y destituyó al Secretario.

Este apeló para ante la Corte de Distrito, celebrándose un juicio completo. Sólo la transcripción de la evidencia abarca más de ciento cuarenta páginas.

La corte reconoció que el procedimiento ante el Alcalde había sido irregular, pero juzgando el caso por el mérito de la evidencia ante ella aportada, declaró probado el primer cargo y no probado el segundo, y confirmó la destitución, sin especial condenación de costas.

No conforme el Secretario, apeló para ante ésta Corte Suprema alegando que la sentencia de la Corte de Distrito es contraria a la prueba y a la ley.

■ El alegato contiene un minucioso análisis de la evidencia y la verdad es que si el juez sentenciador hubiera llegado a una conclusión contraria, no hubiéramos alterado su juicio. Pero él, que oyó declarar a los testigos e inspeccionó los documentos originales ofrecidos en evidencia, resolvió el conflicto en contra del Secretario, y no habiéndose demostrado que actuara movido por pasión, prejuicio o parcialidad o que cometiera error manifiesto, debe prevalecer su conclusión.

■■ Probado el cargo, la destitución era enteramente justa. Un Secretario Municipal que al levantar un acta de una sesión de la asamblea hace constar, adicionándola, que cierto nombramiento se hizo con carácter de interino cuando le constaba que lo fué en propiedad, no puede quejarse de que se le separe de su empleo, aunque el procedimiento que se siguiera para ello en primera instancia no fuera del todo conforme a ley.

Esta última consideración nos lleva al examen de una interesante cuestión envuelta en el caso.

Dice, en parte, el artículo 29 de la ley municipal tal como quedó enmendado en 1925 por la ley No. 92, (Leyes de 1925, p. 709), así:

"El alcalde, con el consentimiento de la asamblea municipal, nombrará al director de beneficencia, al tesorero, al director escolar, al director de obras públicas, al auditor y al secretario, y estos funcionarios desempeñarán sus cargos por el término para el cual el alcalde que los hubiere nombrado hubiese sido elegido o nombrado o hasta que sus sustitutos hubieren sido nombrados a menos que fueren

destituidos por justa causa. En el caso de que la asamblea rechazare los nombramientos sometidos por el alcalde, deberá consignar las razones que tenga para ello, y devolver dichos nombramientos al alcalde con las objèciones a los mismos. Si el alcalde insistiere en dichos nombramientos o si la asamblea cerrare sus sesiones sin haber actuado sobre los nombramientos enviados por el alcalde, éste someterá·inmediatamente la cuestión al Gobernador, quien resolverá dentro de treinta días, sosteniendo los nombramientos hechos por el alcalde o la oposición de la asamblea. Nombrará también a todos los demás funcionarios y empleados municipales que estén bajo su inmediata dirección y podrá por justa causa, previa audiencia y oportunidad de defenderse, destituir a todos los funcionarios y empleados; *Disponiéndose,* que cuando se formulen cargos a un funcionario o empleado, éstos quedarán suspensos de empleo y sueldo hasta que se resuelvan dichos cargos por el alcalde; pero cuando la persona a quien se acuse fuere un funcionario, podrá éste apelar de la resolución del alcalde para ante la corte de distrito con jurisdicción competente, dentro del plazo de diez días después de notificado.

"La apelación se establecerá mediante escrito dirigido a la corte, del cual será notificado el alcalde, y el juicio deberá celebrarse dentro del término de dos meses, después de establecido el escrito de apelación, debiendo la corte oír, en forma ordinaria, la evidencia necesaria para resolver la controversia; . . ."

La Corte de Distrito interpretó la naturaleza del recurso concedido al funcionario destituído, según consta de su relación del caso y opinión, como sigue:

"En la audiencia que se celebró el 16 de diciembre, 1926, el Alcalde estimó que el querellado debía en aquel acto presentar su prueba de defensa, sin antes practicarse la de cargo. Este procedimiento, claramente, fué irregular. Y aunque el Alcalde era el juez de la justa causa, debieron los testigos de cargo, cuyas declaraciones juradas tenía el alcalde en su poder, comparecer previamente para ser examinados en presencia del querellado y darle oportunidad de repreguntar, antes que estuviera obligado a presentar su prueba. Sin embargo, como el querellado apeló de la resolución del Alcalde para ante esta Corte que sustituye al Alcalde como juez de la justa causa, y el juicio se celebra *de novo,* los errores de procedimiento que se hubieran cometido no es necesario considerarlos. La ley sólo autoriza a la corte para 'oír, en forma ordinaria, la evidencia necesaria y resolver la controversia'."

Creemos que el amplio criterio del juez de distrito al considerar que la apelación que se interpone requiere un juicio de nuevo, garantiza del todo los derechos de los funcionarios públicos municipales a no ser separados injustamente de sus cargos y dicha interpretación es aceptada. Tratándose de un juicio de nuevo, claro está que no tienen importancia los errores de procedimiento que pudieran haberse cometido en el celebrado ante el Alcalde.

*Debe confirmarse la sentencia apelada.*