IN RE GUILLERMO ORTIZ GUZMÁN, querellado y apelado, *v.* LEOPOLDO VENEGAS, ALCALDE DE COAMO, P. R., opositor y apelante.

No. 5234. *Sometido:* Abril 13, 1932. *Resuelto:* Abril 26, 1932.

*E. Ramos Antonini*, abogado del apelante; *Leopoldo Tormes, Manuel A. Rivera, Agustín E. Font* y *F. Zapater*, abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre destitución de un funcionario público municipal, y la primera cuestión que surge al resolverlo es la del procedimiento a seguir en la corte de distrito.

En el caso de *Gutiérrez* v. *Monclova,* Alcalde, 39 D.P.R. 911, se decidió:

"Tratándose de la destitución de un funcionario, la apelación que establece el artículo 29 de la Ley Municipal como fué éste enmendado por Ley No. 92 de 1925 (pág. 709) requiere un juicio *de novo* en la corte de distrito y así los errores que puedan haberse cometido en el juicio ante el alcalde carecen de importancia."

El juez sentenciador sostiene que esa jurisprudencia no es aplicable a este caso, y tiene razón en verdad. La ley interpretada en el mismo, refiriéndose al recurso de apelación concedido al funcionario destituído, decía:

" 'La apelación se establecerá mediante escrito dirigido a la corte, del cual será notificado el alcalde, y el juicio deberá celebrarse dentro del término de dos meses, después de establecido el escrito de apelación, debiendo la corte oír, en forma ordinaria, la evidencia necesaria para resolver la controversia; . . . . ' "

Esa ley fué sustituída por otra, la No. 53, titulada "Ley estableciendo un sistema de gobierno local para los munici-

pios de Puerto Rico,'' aprobada en 28 de abril de 1928, que en su artículo 29, en lo pertinente, dice:

''Art. 29.—* * * * *

''Los funcionarios administrativos sólo podrán ser removidos de sus puestos por el Alcalde, y de esta decisión podrá apelar en un solo efecto, el funcionario perjudicado para ante la Corte de Distrito correspondiente, la cual deberá considerar y resolver las cuestiones de hecho y derecho envueltas en la apelación dentro de un plazo no mayor de 30 días desde la radicación de la demanda en apelación. . . ''

Desapareció lo relativo a la práctica de la prueba, que fué lo que llevó a la corte en el caso de Gutiérrez, *supra,* a la conclusión de que debía celebrarse un nuevo juicio.

El apelante sostiene que la corte de distrito erró porque no obstante la resolución a que llegara en el sentido de que se trataba de una apelación distinta a la existente con anterioridad a la Ley No. 53 de 1928, no aplicó a su tramitación las reglas generales establecidas en la ley para tales recursos, permitiendo que quedara en los autos cierto escrito titulado ''demanda de apelación''.

La cuestión es dudosa, pero la misma ley es la que emplea tanto en inglés como en español las palabras demanda en apelación (*complaint on appeal*), y al darles la corte un significado más amplio que el que tienen el ''un escrito manifestando que se apela'' (*a notice stating the appeal*) del artículo 296 del Código de Enjuiciamiento Civil, no estuvo desprovista de fundamento, como veremos luego.

Tampoco creemos que la corte errara al decidir finalmente lo que debía constituir el récord de la apelación. Estuvo vacilante al principio y tomó diferentes medidas que rectificó hasta que finalmente se basó en las constancias que tuvo ante sí el alcalde para decidir el caso, traídas a la corte en forma auténtica y fehaciente, quedando de tal modo establecida la regla de que corresponde a la parte recurrente en estos recursos el archivar en la corte de distrito una transcripción fehaciente de los procedimientos que tuvieron lugar

ante el alcalde a fin de que la corte quede colocada en las mismas condiciones en que lo estaba el alcalde, y pueda cumplir con su deber de "considerar y resolver las cuestiones de hecho y de derecho envueltas en la apelación".

■ ¿Cuándo y cómo debe archivarse la transcripción?

Aquí se permitió presentarla al apelante durante la vista. Parece conveniente oír al juez sentenciador sobre el particular. Dice en su opinión:

"Antes de proceder adelante, la corte desea repetir aquí lo que manifestó varias veces en el curso del caso: que la sección 29 de la Ley Municipal, *supra,* no establece de un modo claro y definitivo cuál es el procedimiento a seguir en estos casos. Se usa la palabra 'apelación', se limita el tiempo a treinta días desde el momento en que se radica la demanda en apelación hasta que la corte tiene que fallar, pero en realidad no puede decirse que puedan aplicarse los términos que concede el Enjuiciamiento Civil en casos de apelaciones. Entendiéndolo así la corte, libró una orden el 15 de enero para que por el demandado se enviara a la corte, en el término de diez días, toda la documentación y prueba que tuvo ante sí para resolver los cargos. El día de la vista, el demandado presentó una moción para que se anulara dicha orden, pues la sección 29, *supra,* no la autorizaba, ya que habla de apelación y no de certiorari y que no debía imponerse al demandado el deber que incumbe al demandante de radicar los autos del caso. La corte declaró con lugar esta moción, permitiendo, sin embargo, que el demandante presentase dicha documentación como única prueba en este caso, negándose la corte a darle al mismo el carácter de un juicio *de novo.*

"Opinaba y opina la corte que de acuerdo con los casos de *Coll* v. *Todd,* 35 D.P.R. 625 y *Rosa González* v. *Todd,* resuelto por nuestro Tribunal Supremo en noviembre de 1929, que aun cuando no se trate de un recurso de certiorari y el estatuto emplee la palabra 'apelación', en casos de esta naturaleza, el deber del tribunal es revisar el procedimiento y la prueba habidos ante el alcalde para determinar si este funcionario al destituir actuó de acuerdo con la ley y si existió prueba que justificase la destitución.

"En 43 C. J. 677 se expresa la doctrina así:

" 'In some states, a special remedy in the nature of an appeal has been given by statute to one whom it is intended to remove from office for cause. Such an appeal brings before the court only the

validity of the proceedings required by law before removal is made, and the discretion of the removing power will not be reviewed.'

"Es lógico que así sea. De otra manera sería la corte la que estaría resolviendo los cargos y no el funcionario. La sección 29 de la Ley Municipal, *supra,* dice que la corte resolverá las 'cuestiones de hecho y derecho envueltas en la apelación' y resolvemos que éstas sólo pueden ser aquellas que surjan de la prueba y de los procedimientos habidos ante el alcalde, y que por este motivo la corte limitó la prueba del apelante a la transcripción de la evidencia y documentos presentados al alcalde."

Si el recurrente estuviere en posesión de la transcripción al tiempo de radicar su demanda en apelación, podría radicarla en ese momento. Si no, en cualquier otro antes de la vista. Pero el hecho de radicarla como aquí la radicó durante la vista, no creemos que constituya error. Lo breve del tiempo fijado por la ley no permite, al parecer, otra cosa, y lo verdaderamente importante es que la vista termine quedando el juez en posesión de todo lo que necesita para fallar, y habiendo tenido las partes interesadas una oportunidad al presentar sus cuestiones y argumentos de tomar por base la totalidad del asunto.

 Se insiste en que debió desestimarse el recurso porque no se presentó un señalamiento separado de errores. Realmente no se concibe una apelación sin que se aleguen los errores cometidos. Pero atendida la interpretación que se dió a lo dispuesto en la ley sobre la "radicación de la demanda en apelación", pudiera decirse que esa demanda hace las veces del señalamiento de errores, ya que no es ella un simple escrito o notificación avisando que se apela, sino que en ella, como aquí se hizo, se expresa el porqué de la apelación.

 Resueltas las cuestiones relativas a la tramitación del recurso en la corte de distrito, veamos ahora los fundamentos que tuvo dicha corte para dictar su sentencia revocando la resolución del alcalde Venegas destituyendo al funcionario Doctor Ortiz de su cargo de Director de Beneficencia y ordenando su inmediata reposición, con costas.

La parte apelante sostiene que dicha sentencia es contraria a los hechos y a la ley, y que en todo caso debe ser revocada en cuanto a la imposición de las costas.

Oigamos de nuevo al juez sentenciador, esta vez, sobre los fundamentos de su sentencia. Dijo:

"La prueba presentada por el demandante-apelante consistió en los cargos formulados, la contestación a los mismos, una moción de inhibición presentada por el demandante ante el alcalde, la resolución de éste destituyéndole, el récord taquigráfico de la vista celebrada ante el alcalde, en el que constan las declaraciones de todos los testigos, y la prueba documental presentada ante el mismo.

"La corte ha leído cuidadosamente las doscientas cuarenta y tres páginas de que consta el récord taquigráfico de las vistas celebradas ante el alcalde de Coamo al substanciarse los cargos, y es de opinión que, si bien de acuerdo con la jurisprudencia un funcionario con poder para destituir no está sujeto a las sutilezas que gobiernan a una corte de justicia (González v. Todd, *supra*) y no tienen que observarse estrictamente las reglas de evidencia (43 C. J. 666, sec. 1104), en el caso de autos se llegó al otro extremo, es decir, el procedimiento llevado a cabo ante el alcalde, más bien que de un carácter administrativo cuasi judicial, tuvo todas las características de un juicio criminal, en que el alcalde tenía a su lado a dos abogados, a los que llamaba 'asesores', los que, por sus actuaciones, fueron verdaderos fiscales, siendo ellos, en puridad de verdad, los que inducían al alcalde a resolver cuestiones de carácter legal y le indujeron a actuar en perjuicio de los derechos del aquí demandante-apelante. La corte llega a esta conclusión porque aparece de dicho récord taquigráfico que a no ser por la intervención directa de uno de dichos abogados, el Lcdo. Ramos Antonini, el alcalde no hubiera declarado con lugar la eliminación de ciertas alegaciones contenidas en la contestación que el demandante-apelante Dr. Ortiz hizo a los cargos, ni hubiera, como consecuencia, prohibido a éste presentar cierta prueba en apoyo de esas alegaciones, privándose así al apelante de parte de su defensa. Todo esto se hizo con la oposición del aquí apelante.

"Además, al empezar la vista de los cargos ante el alcalde de Coamo, el doctor Ortiz presentó una moción de inhibición que dice así:

" 'Hon. Alcalde.—Dr. Guillermo Ortiz Guzmán por medio de sus Abogados suscribientes, alega:

" 'Que el querellado no puede tener su *day in Court* con un juicio justo e imparcial, ni una oportunidad para defenderse ni una protección igual de las leyes, si esta investigación es practicada, dirigida y resuelta por el Sr. Leopoldo Venegas actuando como Alcalde por las razones siguientes:

" '1. Porque los 10 cargos formulados no lo han sido por razones de ninguna querella, ni queja de persona alguna, y sí sólo por la intervención directa del propio Sr. Venegas, que no puede ser a la vez el denunciante, o querellante y el propio Juez de sus actos.

" '2. Que el Sr. Venegas con anterioridad a su nombramiento de Alcalde había dicho públicamente que destituiría de su cargo al querellado y que su nombramiento de Alcalde en parte se debió a su compromiso con sus amigos políticos adversos al querellado de separarlo de su puesto.

" '3. Porque el Sr. Venegas ha hecho públicas manifestaciones de reciente fecha de que confirmará los cargos y destituirá al querellado, cualquiera que sea el resultado de esta investigación.

" '4. Porque el Sr. Venegas, sin haberse resuelto estos cargos ha estado ofreciendo el puesto que desempeña el querellado a otros Médicos para nombrarlos inmediatamente después de esta investigación.

" '5. Porque el Sr. Venegas tiene marcados prejuicios contra el querellado congratulándose de ser su enemigo personal.

" 'Por Todas Estas Razones el querellado solicita que el Sr. Leopoldo Venegas se inhiba del conocimiento de esta investigación por ser de justicia que intervenga en ella una autoridad libre de prejuicios como lo sería el sustituto del Alcalde.' ·

"Al ser leída esta moción ocurrió lo que aparece a las páginas 12, 13, 14 y 15 del récord taquigráfico y que, a los fines de esta opinión se hace necesario transcribir.

" 'Sr. Ramos: Nosotros vamos a solicitar que se desestime esta moción de inhibición por varias razones, unas de forma y otras de fondo, la primera de forma es que esta moción de inhibición, en que se hacen afirmaciones tan graves, realmente de carácter irrespetuoso para el prestigio y la personalidad del alcalde que está entendiendo en este caso, no viene hecha bajo juramento; (sigue argumentando extensamente). * * * * * * * * * Por las circunstancias expuestas solicito que se declare sin lugar la moción de inhibición.

" 'Alcalde: Se declara sin lugar la moción.

" 'Defensor: Con nuestra excepción por los motivos . . . se nos niega prueba para sostenerla, para sostener esa moción de inhibición.

" 'Alcalde: No.

" 'Defensor: Entonces pedimos presentar prueba.

" 'Ramos: Desearía ser oído.

" 'Defensor: Deseamos saber quién es el alcalde, si el señor Ramos o el señor Venegas.

" 'Sr. Ramos: Desearía que en este momento atienda un poco.

" 'Defensor: ¿Quién va a denegar eso, el alcalde o usted?

" 'Sr. Ramos: S. S. ha sido fiscal . . .

" 'Sr. Font: Pero ya no soy fiscal.

" 'Sr. Ramos: Ha sido fiscal durante muchos años y sabe que un juez nunca resuelve una cuestión de ninguna de las partes sin que sean oídas las dos partes.

" 'Sr. Font: Usted no es parte.

" 'Sr. Ramos: Yo, como asesor, en este momento represento al alcalde y tengo derecho a ser oído y a aconsejarle antes de que él resuelva.

" 'Sr. Font: No, no es así.

" 'Sr. Ramos: De modo que no es que el Sr. Alcalde . . . de la misma manera que S. S. no sabe nada de cirugía dental, puede que él no sepa nada de derecho y eso no mengua su personalidad; de modo que pregunta el compañero si el alcalde . . .

" 'Sr. Font: Yo no vengo a discutir con S. S. y perdone, no es que rehuya el debate, yo me dirijo al alcalde, hemos planteado una cuestión de inhibición, si se nos permite prueba, sí o no para sostener esa moción.

" 'Sr. Ramos: Yo solicito . . .

" 'Sr. Font: Pero ahora preguntamos si se nos permite prueba.

" 'Alcalde: Si está denegada la moción no puedo admitirle prueba.

" 'Sr. Font: ¿Nos prohibe presentar prueba para sostener esta moción de inhibición?

" 'Alcalde: Sí, señor.

" 'Sr. Font: Tomamos excepción.'

"En cuanto a las eliminaciones solicitadas por el Ledo. Ramos Antonini, de la contestación y defensas especiales, ocurrió lo siguiente, según aparece a las páginas 15 a 18 de la transcripción de la evidencia:

" 'Sr. Ramos: Sr. Alcalde: nosotros vamos a solicitar antes que se empiece a ofrecer la prueba en la sustanciación de este caso, vamos a solicitar la eliminación de los siguientes particulares consig·

nados en la contestación: Apartado sexto de la contestación, solicitamos que se eliminen desde donde dice "y se sostiene en contrario" hasta el final de dicho párrafo. Del apartado octavo, desde donde dice "dándose el caso" hasta el final de la oración que termina con la palabra "receta." Solicitamos, además, que se eliminen en total los apartados segundo y tercero de las defensas especiales. Las razones que tenemos para solictiar dichas eliminaciones, en cuanto a la primera del párrafo sexto, por entender nosotros que esto más bien sería base suficiente para una formulación de cargos que hiciera en particular y por separado el querellado contra el alcalde, en un procedimiento, bien sea de *impeachment* o el procedimiento adecuado y suficiente para lanzar fuera del cargo al alcalde, pero no en una defensa de los cargos que se están formulando. En cuanto al apartado octavo, hacemos el mismo comentario que el anterior, y en cuanto al párrafo segundo y tercero de las defensas especiales, porque en ellos se habla de enemistades personales del alcalde para con el querellado, de fines de venganza personal y otros actos del alcalde que al igual que en el anterior, serían propios para ser traídos en una formulación de cargos contra el alcalde, pero no en una defensa, porque esto es una defensa y no una formulación de cargos; por esas razones es que solicitamos que se eliminen.

" 'Defensor: Nosotros vamos a oponernos por tres motivos principales, el primero es que la moción es tardía; el segundo, que esta moción viene hecha por el compañero Ramos Antonini, que no es parte ni la ley le da facultades para tomar parte en la sustanciación de estos cargos; y, tercero, porque se priva al querellado de un derecho que está garantizado por las leyes vigentes y la Constitución de los Estados Unidos, de que se le dé toda la oportunidad para defenderse y tener su día en corte.

" 'Sr. Ramos: Antes de continuar adelante y antes de que resuelva, yo voy a suplicar a los compañeros, a los efectos de evitarles repeticiones y llenar indebidamente el récord, que se entienda que todas las actuaciones mías anteriores y de ahora en adelante hasta la terminación del caso están objetadas de antemano por ustedes y así ya ustedes saben que ustedes no se someten a ninguna clase de intervención mía y que tienen derecho a esa objeción.

" 'Defensor: Nosotros no deseamos hacer transacciones ni hacer estipulación ninguna sobre ningún extremo en cuanto a este asunto, nosotros, según el compañero Ramos tome parte en cualquier actuación, tomaremos excepción por los motivos que creamos que tenemos derecho.

"'Sr. Ramos: Yo creo que es muy fundamental la objeción de S. S., con lo que yo le proponía se perjudicaba.

"'Alcalde: Se declara con lugar la enmienda del licenciado Ramos Antonini.

"'Defensor: Con nuestra excepción por los motivos que constan en nuestra oposición a la moción de eliminación.'

"Refiriéndonos en primer término a la moción de inhibición, la corte es de opinión que en ella se alegaban hechos que, de haber sido probados, incapacitaban al alcalde para actuar en la vista de los cargos contra el doctor Ortiz. En dicha moción no es que se hicieran afirmaciones graves de carácter irrespetuoso para el prestigio y la personalidad del alcalde, como dijo el Lcdo. Ramos Antonini, sino que se exponen hechos que, a juicio de la corte, requerían prueba y se le negó al querellado la oportunidad de probarlos. Es cierto que de acuerdo con la Ley Municipal vigente, en sus artículos 29 y 36, el alcalde es el único funcionario autorizado para suspender o destituir a los funcionarios y empleados municipales, pero no lo es menos que el mismo artículo 29 dispone que:

"'En caso de vacante, ausencia, suspensión, licencia, incapacidad, etc., del Alcalde, será éste sustituído por uno de los funcionarios administrativos municipales, exceptuando el Auditor o el Secretario; debiendo al efecto establecer previamente la Asamblea Municipal, en una de las sesiones, el orden de tal sustitución.'

"De manera que en casos de incapacidad del alcalde para actuar en un caso cualquiera, puede ser sustituído por el funcionario administrativo que haya designado la Asamblea Municipal. No necesita seria ni extensa argumentación el hecho de que un alcalde que es enemigo personal de otro funcionario municipal, y así lo expresa públicamente, no está en condiciones de actuar con una mente libre de prejuicios al juzgar a esa persona por cargos que él mismo le ha formulado. El más rudimentario espíritu de justicia exigía que no se eliminara la moción de inhibición, que se presentara la prueba para sostener los hechos alegados en ella y que el alcalde hubiera entonces resuelto la moción en su fondo, dando así también una oportunidad a esta corte para determinar si en realidad estaba o no incapacitado. Las mismas consideraciones son aplicables a la eliminación de las defensas especiales y el no permitirse prueba sobre ellas. No fueron éstas 'Sutilezas' en el procedimiento, sino un derecho a ser juzgado imparcialmente que tenía el aquí apelante. La corte es de opinión que fué perjudicial a los derechos del apelante esta actuación del alcalde de Coamo. El funcionario o junta con autoridad para destituir están obligados a actuar con impar-

cialidad y sin prejuicio. En 43 C. J. 664 se dice que el tribunal (el alcalde) deberá ser desinteresado e imparcial—Andrews v. King, 77 Me. 224.

\* \* \* \* \* \* \* \*

"Resuelta la primera cuestión en la forma expuesta anteriormente, la corte es de opinión que huelga entrar a considerar las demás cuestiones envueltas en esta apelación, o sea las que se refieren a la prueba de los cargos, pues ésta, de haber estado capacitado el alcalde para actuar—hecho que no resolvemos ni en la afirmativa ni en la negativa—era cuestión de apreciación y análisis por dicho funcionario y de su discreción resolver, siempre que no hubiera una ausencia absoluta de prueba."

Poco tendremos que agregar a los razonamientos del juez sentenciador.

Estamos conformes con el apelante en que nada hay en la ley que prohiba a los alcaldes el valerse de asesores legales en la vista de estos casos, pero una cosa es un asesor legal y otra los abogados que intervinieron en el procedimiento en este caso nombrados por el alcalde. Lo menos que puede, decirse es que causa extrañeza la manera en que dichos llamados asesores realizaron su misión.

Además, la sentencia apelada no se funda en el hecho de la intervención, sino en el resultado de la misma contrario al derecho fundamental que el funcionario tenía de ser juzgado imparcialmente.

Es cierto que el "Alcalde" es el único funcionario capacitado para destituir los otros funcionarios municipales, de acuerdo con la ley, como sostiene el apelante, pero no el Alcalde Fulano de Tal. Cuando la persona electa como alcalde está incapacitada de actuar en un determinado asunto, la ley designa quién debe sustituirle, y el alcalde sustituto es entonces el funcionario capacitado para resolverlo.

No queremos decir que por el solo hecho de que sea el alcalde el que formule los cargos contra el funcionario, deba inhibirse. En manera alguna. El alcalde es el jefe ejecutivo de la administración municipal y en el cumplimiento de sus deberes puede venir en conocimiento directo de actos realiza-

dos por los funcionarios por él nombrados que exijan su destitución, y en tales casos ¿quién mejor que el alcalde para resolver el asunto, después de haber escuchado la defensa del funcionario o de haberle dado la oportunidad de defenderse? El alcalde no actúa por su interés personal, sino en bien de una buena administración municipal.

Pero cuando se imputan al alcalde hechos de la naturaleza de los alegados en la moción de inhibición, la situación varía, y debe darse una oportunidad al funcionario de presentar su prueba. Si fueren ciertos, procedería la inhibición.

Argumentando el último error que señala, se expresa el apelante en su alegato, en parte, así:

"Condenar en costas al Alcalde en este caso se quiere decir condenar en costas al Municipio de Coamo. No hay duda alguna que los cargos son suficientes. Más claro es todavía el hecho de que hubo prueba suficiente ante el Alcalde. . . .

"¿Es justo y procedente que ante un caso de esta naturaleza, en que la sentencia de la Corte de Distrito, y aun la confirmación de este Hon. Tribunal no habrán de determinar la inocencia del funcionario querellado, ni la terminación del caso, sino que lo único que habría de resultar sería el que habría de comenzarse de nuevo el caso con la propia corrección de aquellos dos errores de procedimiento que la Corte de Distrito consideró perjudiciales, y habría el Alcalde de Coamo de proseguir y por la prueba que indiscutiblemente habría de ser la misma resultaría definitivamente separado el Dr. Ortiz Guzmán de su cargo, es justo, preguntamos, que se condene en costas al Municipio de Coamo, en beneficio de un funcionario que fundamentalmente habría de resultar culpable?"

Habidas en consideración todas las circunstancias que concurren, estima esta corte que no debieron imponerse las costas al alcalde.

En tal virtud, *la sentencia apelada debe modificarse* eliminando de ella las siguientes palabras: "imponiéndose las costas al demandado" y sustituyéndolas por éstas: "sin especial condenación de costas", *y así modificada, deberá confirmarse la sentencia recurrida.*

El Juez Asociado Señor Wolf no intervino.