JUAN S. MANGUAL, en su carácter de Alcalde del Municipio de Juana Díaz, peticionario, *v.* HON. ALBERTO S. POVENTUD, JUEZ DE LA CORTE DE DISTRITO DE PONCE, demandado.

Núm. 1292.—*Sometido:* Junio 1, 1942. *Resuelto:* Julio 29, 1942.

*Felipe Colón Díaz* y *Carlos J. Teissonniere*, abogados del peticionario; *R. Hernández Matos*, abogado del interventor, demandado en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 20 de agosto de 1941, el Alcalde de Juana Díaz le formuló tres cargos a Sixto Acosta, Secretario-Auditor de dicho municipio, que dicen como sigue:

"Cargo Número Uno: Porque el domingo día 17 de agosto actual, como a las 6:15 P. M., se personó Ud. en el Hospital Municipal de Juana Díaz, P. R., y sin autoridad legal despidió Ud. de dicho Hospital Municipal, a la sirvienta, Andrea Santiago, quien desempeñaba interinamente dicho cargo, sustituyendo a la empleada Felícita Rodríguez, y estando dicha empleada sustituta Andrea Santiago desempeñando su cargo interinamente con el consentimiento del Alcalde que suscribe.

"Cargo Número Dos: Que en el día 20 de agosto, 1941, de 9:30 a las 10:00 A. M. faltó Ud. el respeto y la debida consideración al Alcalde que suscribe, provocándole de palabras, botándole de su oficina, y sacando de la gaveta de su escritorio un revólver, arma mortífera, apuntándole y amenazándole con dicha arma, al extremo de que tuvieron que intervenir e intervinieron, para evitar que Ud. hiciera uso del arma, los señores siguientes: Ramón García Rodríguez, conserje de la Alcaldía; Emilio R. Rodríguez, escribiente de su oficina; Víctor Cruz, capataz de obras públicas municipales; Pedro A. Ocasio, Representante a la Cámara; y la señorita Elvira Ortiz, *Clerk* de auditoría municipal.

"Cargo Número Tres: Que en el día 3 de agosto, 1941, sin tener Ud. autoridad legal, procedió a nombrar y nombró a Aurora Sierra Cuascú nurse graduada del Hospital Municipal de Juana Díaz, P. R.,

y en virtud de dicho nombramiento, entró a desempeñar sus funciones y la que estuvo en dicho cargo hasta el día 19 de este mes, sin que en ningún momento el Alcalde que suscribe autorizara a Ud. para dicha actuación.''

El día señalado para la vista, el abogado de Acosta radicó una contestación y una petición solicitando del Alcalde que se inhibiera, de acuerdo con el artículo 29 de la Ley Núm. 53, Leyes de Puerto Rico, 1928 (pág. 335), según quedó enmendada por la Ley Núm. 98, Leyes de Puerto Rico, 1931 (pág. 595), como el funcionario que consideraría estos cargos, y que nombrara un funcionario administrativo que lo reemplazara para dicho fin. Esta petición estaba firmada solamente por el abogado de Acosta, no fué jurada, y no se ofreció evidencia para probar las manifestaciones que allí se hacían, con excepción de ''los cargos en sí''. La petición, en lo pertinente, dice como sigue:

''2. Que usted es la persona que ha formulado dichos cargos, uno de los cuales consiste en que el querellado provocó de palabras a usted, le faltó el respeto y consideración, lo botó de su oficina y lo amenazó con un revólver; los otros se relacionan con intromisiones del querellado en las funciones de usted como Alcalde;

''3. Que usted no puede ser a la vez querellante, testigo y el propio Juez de sus actos, ni puede usted, por estar tan directa e inmediata, y personalmente interesado en el resultado de estos cargos, darle al querellado una oportunidad justa, imparcial y ecuánime para que se defienda; teniendo usted personal y marcados prejuicios contra este querellado que lo incapacitan para resolverlos libre de toda pasión.''

El Alcalde declaró sin lugar la petición, y procedió a ver la prueba. El abogado de Acosta rehusó contrainterrogar los testigos traídos para probar los cargos y ofrecer testimonio en su favor, bajo la teoría de que la negativa del Alcalde a inhibirse hacía que todo el procedimiento fuera nulo *ab initio*. El Alcalde, con la objeción del abogado de Acosta, fué uno de los testigos que declaró para sostener el segundo cargo. El 12 de septiembre de 1941, el Alcalde

dictó una "Relación de Hechos y Resolución", llegando a la conclusión de que "aun excluyendo de consideración su propio testimonio" se probaron todos los cargos, y destituyendo a Acosta de su cargo de Secretario-Auditor.

El 10 de octubre de 1941 Acosta radicó en la Corte de Distrito de Ponce un pleito intitulado "Revisión de Procedimiento Administrativo" de conformidad con las referidas Leyes Núms. 53 y 98. Acosta solicitaba que se anulara la resolución del Alcalde y que se le restituyera en su cargo de Secretario-Auditor. Señalaba los siguientes alegados errores: (a) que los cargos no alegaban hechos suficientes que justificasen su destitución como empleado; (b) que no se probaron los cargos; (c) que el Alcalde debió haber declarado con lugar la petición para que se inhibiese; y (d) que el Alcalde actuó con pasión, prejuicio y parcialidad.

El caso fué sometido a la corte de distrito para su decisión a base del récord que tuvo el Alcalde ante sí. La corte de distrito concluyó que el Alcalde debió haber declarado con lugar la moción de inhibición. En su consecuencia, la corte resolvió que se incurrió en los errores (c) y (d), y que no era necesario considerar los errores (a) y (b). Por tanto la corte de distrito anuló la resolución del Alcalde. Con el fin de revisar esta actuación de la corte de distrito expedimos el auto de *certiorari*.

Para llegar a la conclusión de que el Alcalde estaba impedido de ver los cargos en el caso de autos, la corte inferior descansó en los casos de *In re Ortiz* v. *Venegas, Alcalde,* 43 D.P.R. 390 y en *Peña* v. *García,* 45 D.P.R. 44. La corte citó, pero intentó distinguir, el caso de *Asamblea Municipal* v. *González, Alcalde,* 55 D.P.R. 542.

Los hechos en el caso de *Peña* eran distintos a los del presente caso. En el caso de *Peña* resolvimos que debió declararse con lugar una moción de traslado, radicada en un pleito ante una corte de distrito alegando pasión y prejuicio del juez de distrito hacia el demandante. Pero en

dicho caso la moción "fué acompañada de una declaración jurada suscrita por el demandante, sin que se presentara testimonio alguno bajo juramento para contradecir las manifestaciones de dicho demandante." (45 D.P.R. 44, 45). Y esta declaración jurada exponía en detalle varios incidentes que establecieron fuera de toda duda la enemistad personal que existía desde hacía tiempo entre el demandante y el juez de distrito. En el caso de autos la petición de inhibición distó mucho de establecer tales cargos específicos de pasión y prejuicio, y aun en relación con la alegación que se hizo, no se ofreció prueba alguna para sustanciarla. Para sostener su moción de inhibición Acosta descansó únicamente en la naturaleza de los cargos en sí y en el hecho de que el propio Alcalde los había formulado.

Debe también tenerse en cuenta que el caso de *Peña* envolvía la alegada impropiedad de que se celebrara un juicio en un pleito privado ante un juez de distrito que estaba prejuiciado hacia una de las partes. El presente caso, por otro lado, no envuelve en manera alguna un pleito. La cuestión en este caso fué si la conducta de un empleado subalterno justificaba, después de una vista de los cargos que se formularon en su contra, su destitución por su jefe superior. [2] Aunque el *standard* general en cuanto a qué constituye un juicio justo e imparcial en una corte, es aplicable al procedimiento administrativo aquí envuelto, el factor determinante (*test*) en cuanto a la inhibición del funcionario que presidirá la vista, por la naturaleza misma de las cosas, es algo diferente. Sin duda alguna un juez de distrito tendría que inhibirse si él hubiera formulado los cargos que luego fueron el asunto de que se trató en la vista. En el caso de un funcionario ejecutivo como un Alcalde, por otro lado, no solamente no es impedimento que él formule los cargos y los juzgue, sino que como jefe superior del incumbente acusado, lo más probable es que tenga conocimiento previo de los hechos en controversia. Ninguno de estos

factores inhabilitaría al Alcalde *ipso facto*. "Y aunque el Alcalde es el acusador, no por ello está inhabilitado para conducir la vista y considerar los cargos formulados por él mismo . . ." (McQuillin, *Municipal Corporations*, segunda edición revisada, vol. 2., sec. 589, página 483). Véase *Sharkey* v. *Thurston*, 268 N. Y. 123.

Los casos de *In re Ortiz* v. *Venegas, Alcalde,* y *Asamblea Municipal* v. *González, Alcalde,* supra, citados por la corte de distrito, están contestes en esta cuestión. El caso de *González,* a la página 555, cita con aprobación el siguiente lenguaje del caso de *Venegas*:

" 'No queremos decir que por el solo hecho de que sea el alcalde el que formule los cargos contra el funcionario, deba inhibirse. En manera alguna. El alcalde es el jefe ejecutivo de la administración municipal y en el cumplimiento de sus deberes puede venir en conocimiento directo de actos realizados por los funcionarios por él nombrados que exijan su destitución, y en tales casos ¿quién mejor que el alcalde para resolver el asunto, después de haber escuchado la defensa del funcionario o de haberle dado la oportunidad de defenderse? El alcalde no actúa por su interés personal, sino en bien de una buena administración municipal.

" 'Pero cuando se imputan al alcalde hechos de la naturaleza de los alegados en la moción de inhibición, la situación varía, y debe darse una oportunidad al funcionario de presentar su prueba. Si fueren ciertos, procedería la inhibición.' "

En su opinión la corte inferior, para mantener su decisión, copia nuestra cita de la opinión de la corte inferior en el caso de *Venegas* al efecto de que (pág. 400) " 'No necesita seria ni extensa argumentación el hecho de que un alcalde que es enemigo personal de otro funcionario municipal, y así lo expresa públicamente, no está en condiciones de actuar con una mente libre de prejuicios al juzgar a esa persona por cargos que él mismo le ha formulado.' " Pero en el presente caso la corte inferior pasó por alto el hecho de que para fundamentar la petición de inhibición no se presentó prueba de tal enemistad o de alguna manifestación pública a tal efecto.

El caso de autos por tanto se contrae a esto: hablando en términos generales, se requiere la inhibición de un alcalde para conducir tal vista administrativa, solamente cuando en realidad se demuestra pasión y prejuicio. Aquí no se ofreció prueba a tal efecto. Acosta aparentemente descansó en los hechos de que (a) en cuanto a dos de los cargos, éstos habían sido formulados por el propio alcalde, y (b) en cuanto al cargo restante, el Alcalde tenía un interés personal en el resultado. Pero cada uno de estos cargos, incluyendo el de la amenaza contra el Alcalde, en último análisis, envolvía la alegada conducta de Acosta en el curso de su empleo. El Alcalde, bajo las autoridades arriba citadas, estuvo por tanto justificado en formular los cargos y en verlos, en ausencia de prueba, que no se ofreció aquí, para demostrar que le era imposible conceder a Acosta una vista imparcial.

La corte de distrito cometió error al anular la resolución del Alcalde debido a que éste se negó a inhibirse. Cuando se devuelva el caso, la corte inferior estará llamada a considerar si los cargos como han sido alegados justificaban la destitución y si los mismos fueron probados por la evidencia.

*La sentencia de la corte de distrito será revocada y devuelto el caso a la corte de distrito para ulteriores procedimientos no inconsistentes con esta opinión.*