MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, y LA COMISIÓN DE SERVICIO CIVIL DE PUERTO RICO, ETC., demandados.

No. 1012.—*Sometido:* Mayo 6, 1935. *Resuelto:* Mayo 24, 1935.

*Hon. Procurador General Benjamin J. Horton y Luis Janer, Sub-procurador,* abogados del peticionario; *Walter Rivera, A. Quirós. Méndez, y R. López Gutiérrez,* abogados de la Comisión de Servicio Civil; *Guerra-Mondragón & Soldevila,* abogados del interventor Sr. Gallardo, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

El Tesorero de Puerto Rico, Hon. Manuel V. Domenech, suspendió de empleo y sueldo, previa formulación de cargos, al empleado Arturo H. Gallardo, inspector de colecturías del Departamento de Hacienda, habiéndole concedido un plazo para contestar por escrito dichos cargos. Formulada la contestación y visto el caso en audiencia pública con la asistencia del Sr. Gallardo, el Tesorero declaró probados los cargos y destituyó al referido empleado, quien compareció ante la Co-

misión de Servicio Civil alegando, entre otras cosas, que se le había destituído con carácter permanente sin haberse radicado ni oído cargo alguno contra él ante la referida comisión y sin haber tenido ésta intervención alguna en el asunto, violándose así lo dispuesto en el artículo 28 de la Ley de Servicio Civil y la regla 42 del reglamento para la aplicación de la misma.

La Comisión de Servicio Civil se dirigió por escrito al Sr. Domenech, haciéndole saber que el Sr. Arturo H. Gallardo había recurrido ante ella y solicitado una revisión del caso, y que se había fijado el día 24 de septiembre de 1934 para que compareciesen las partes a exponer sus respectivas posiciones y a producir toda la prueba documental y testifical que tuvieran. En su contestación el Sr. Domenech negó que la comisión tuviese facultad alguna para investigar dicho caso, por no tratarse de una destitución decretada por motivos políticos o religiosos.

En 23 de octubre de 1934 la referida comisión, con vista de la prueba aducida y por los fundamentos contenidos en la opinión que emitiera al efecto, resolvió:

"1. Exonerar, como por la presente exonera, a Arturo H. Gallardo de todos los cargos formuládosle por el Hon. Tesorero de Puerto Rico; y

"2. Ordenar, como por la presente ordena, al Hon. Tesorero de Puerto Rico que reponga inmediatamente al referido Arturo H. Gallardo en su cargo de Inspector de Colecturías, Negociado de Contabilidad y Pagaduría, Departamento de Hacienda, con todos los derechos de empleado permanente en el servicio civil clasificado de Puerto Rico, para tener efecto esta reposición en la fecha en que fué suspendido de empleo y sueldo y más tarde destituído, 19 de marzo, 1934."

El Tesorero de Puerto Rico acudió ante la Corte de Distrito del Distrito Judicial de San Juan solicitando la revisión de la resolución que se acaba de transcribir. El referido tribunal, después de oír a las partes, declaró sin lugar la solicitud de revisión y confirmó la resolución recurrida. No

conforme el Tesorero de Puerto Rico con esta resolución, ha solicitado de este tribunal la revisión de la misma por medio de este recurso de *certiorari,* basándose en los fundamentos que a continuación se expresan:

"Porque no debiéndose la destitución decretada por el Tesorero de Puerto Rico contra Arturo H. Gallardo a motivos de índole política o religiosa, la Comisión de Servicio Civil no tenía facultades para ordenar su reposición, por lo que su resolución a tal efecto fué dictada sin jurisdicción y por tanto, careciendo dicho organismo de jurisdicción para dictar dicha orden de reposición, carecía la Corte de Distrito de San Juan de jurisdicción dentro de este procedimiento para confirmar dicha resolución y ordenar la reposición de Arturo H. Gallardo en su empleo de Inspector de Colecturías en el Negociado de Contabilidad y Pagaduría del Departamento de Hacienda.

"Porque la Ley de Servicio Civil autoriza a la Comisión de Servicio Civil a reponer a un empleado o funcionario destituído por un funcionario nominador únicamente cuando la destitución se debe a razones de índole política o religiosa, y por tanto al dictar sentencia la Corte de Distrito confirmando la orden de reposición decretada a favor de Arturo H. Gallardo por la Comisión de Servicio Civil, actuó sin autoridad de ley y en exceso de sus poderes o facultades jurisdiccionales.

"Porque el procedimiento adoptado para la reposición de Arturo H. Gallardo no se ajustó a la ley, por cuanto no habiéndose planteado por Arturo H. Gallardo ante la Comisión de Servicio Civil la cuestión de que su destitución obedeciera a motivos de índole política o religiosa, ni habiendo sido destituído por tales causas, la Comisión no tenía facultades para celebrar, como celebró, un juicio *de novo* y dictar resolución a base de la evidencia ante ella practicada, sustituyendo así la discreción del funcionario nominador por su propia discreción, especialmente cuando sus facultades están limitadas en estos casos a revisar la evidencia practicada ante dicho funcionario y las demás constancias del expediente, a fin de cerciorarse si la separación se debió a razones de orden político o religioso. Como consecuencia de lo expuesto, la sentencia de la Corte de Distrito a que antes nos hemos referido, basada en la evidencia que se practicó ante la Comisión, es contraria al procedimiento establecido por la ley."

La cuestión fundamental planteada por el peticionario en este caso es que, de acuerdo con el artículo 28 de la Ley de Servicio Civil, la comisión únicamente puede reponer a un funcionario o empleado destituído en caso de que, previa audiencia, resultare que la destitución se debió a razones de orden político o religioso. No alega el Sr. Gallardo que su destitución obedeciese a móviles religiosos o políticos. No hay, ciertamente, en los autos, ni el más leve asomo de prueba que pueda recibir semejante interpretación. Fundado en esta ausencia de prueba es que alega el peticionario que la Comisión de Servicio Civil actuó sin autoridad cuando ordenó la reposición del referido empleado.

■■■ [1] El artículo 28 de la Ley de Servicio Civil, que aparece copiado en toda su integridad en el caso de *Pérez Marchand* v. *Garrido Morales* (ante, pág. 457), se divide en tres párrafos. El primero establece el principio de que ninguna persona que ocupe una plaza o destino en el servicio clasificado podrá ser destituída o separada de su cargo sin causa justificada y formulación de cargos, y sin habérsele dado oportunidad de ser oída en su defensa. Estos cargos pueden presentarse por cualquier funcionario superior o por cualquier ciudadano, y serán oídos, investigados y resueltos a los treinta días de haberse radicado, por la comisión o por alguna persona o junta designada por ella para oír, investigar y determinar los referidos cargos.

Nótese que el texto castellano suprime la copulativa "y" que debe seguir a la palabra "ciudadano", y que según queda redactada la última parte de este párrafo, los cargos serán presentados dentro de los treinta días después de su radicación, lo cual resulta un contrasentido. Lo lógico y lo natural es que los cargos queden presentados en el momento de ser radicados, y siendo ello así, es imposible que puedan presentarse a los treinta días de su radicación. También hemos notado que el texto castellano suprime las palabras "o por

---

(1) Véase la página 552 *et seq.*

alguna persona o junta designada por la comisión para oír, investigar y determinar los referidos cargos.''

El segundo párrafo hace constar que el primero no limita la facultad de ningún funcionario superior en cuanto a suspender a un subalterno por un período de tiempo razonable que no excederá de treinta días, mientras el caso esté pendiente de juicio y decisión. La suspensión deberá ser sin sueldo, pero la comisión tendrá autoridad para investigarla, y en caso de que la desapruebe, deberá ordenar la restitución del sueldo al empleado suspendido.

Hasta aquí hemos hablado de funcionarios superiores y únicamente de suspensiones, sin que haya sido necesario hacer grandes esfuerzos para interpretar las disposiciones de los dos primeros párrafos del artículo 28. Es el párrafo tercero el que resulta realmente confuso y ofrece dificultades en su interpretación. El artículo que venimos comentando establece una marcada distinción entre un funcionario superior y un funcionario nominador. Al primero se concede la facultad de suspender; al segundo se le reconoce el derecho de suspender y destituir. El texto inglés usa las palabras ''appointing officer'', que significan funcionario que nombra. Las palabras ''appoint'' y ''nominate'' no son sinónimas, aunque hay ocasiones en que la última puede utilizarse en el sentido de significar nombramiento. *Harrington* v. *Pardee,* 1 Cal. A. 278, 82 P. 83, 84; 46 C. J. 484. En el presente caso ambos textos, el inglés y el español, se refieren a un funcionario que tiene la facultad de nombrar.

Es sabido que el poder general de nombrar lleva consigo, como una incidencia, la facultad de destituir ''en ausencia de una disposición estatutaria que disponga lo contrario.'' *Burnap* v. *United States,* 252 U. S. 512.

El artículo 28, lejos de disponer lo contrario, hace constar que ninguna de las disposiciones en él contenidas limitará la facultad de ningún funcionario nominador para destituir o suspender a un subalterno por justa causa en bien de la efi-

ciencia del servicio. Se arguye, sin embargo, que es la Comisión de Servicio Civil la que tiene facultades para ordenar la destitución. Esta afirmación se basa en que el mismo artículo dispone que se presenten ante dicha Comisión las razones que haya habido para la suspensión o destitución y que se dé a la persona objeto de la separación debido aviso respecto a ésta y respecto a los cargos que se le formulan, así como la oportunidad de contestarlos por escrito y de presentar a la comisión la prueba que juzgue necesaria para su defensa.

Estas disposiciones, y las que le siguen, autorizando la revisión de la resolución de la comisión por la Corte de Distrito de San Juan, a solicitud de la parte perjudicada, son las que introducen confusión y hacen que surjan dudas y vacilaciones al aplicarse las reglas de interpretación. Estas dudas, en nuestro sentir, deben resolverse sosteniendo el principio general que reconoce al funcionario que nombra la facultad de destituir, cuando no hay ley que disponga otra cosa. Aquí, como ya hemos dicho, no la hay. Existe, por el contrario, una disposición que no sólo reconoce al funcionario nominador el derecho de suspender y destituir, sino que hace constar que nada de lo contenido en la ley limitará este derecho, y no parece lógico asumir, en ausencia de una disposición en contrario, clara y explícita, que el legislador tuvo la intención de destruir implícitamente lo que con tanto énfasis hizo consignar de una manera expresa en la ley.

Y si interpretáramos el precepto legal que venimos comentando en el sentido de que el funcionario nominador debe presentar los cargos a través de la comisión para que ésta los oiga y los juzgue, dictando luego su decisión, le estaríamos arrebatando al referido funcionario la facultad de destituir que le concede la ley. Si el legislador hubiese tenido la intención de privar al funcionario nominador de una facultad que siempre ha tenido, no hubiera establecido diferencias entre un funcionario superior y un funcionario nominador, concediendo al primero la facultad de suspender, y re-

conociéndole al segundo el derecho de destituir. La Legislatura, según parece, ha querido respetar el principio general, acaso por entender que el jefe de departamento es el funcionario que está en mejores condiciones para juzgar si la destitución de un empleado que trabaja a sus órdenes favorece o no al servicio público, de cuya eficiencia es el principal responsable. *Gil* v. *Chardón,* 41 D.P.R. 210.

La última parte del artículo 28 es terminante:. La comisión podrá reponer a un funcionario o empleado separado, sólo en caso de que, previa audiencia, resultare que la separación se debió a razones de orden político o religioso. El texto inglés usa la palabra "removal", el español "separación", que no es exactamente lo mismo, porque un empleado puede ser separado por causas que realmente no equivalgan a una destitución. Ahora bien, si la comisión únicamente puede reponer al funcionario o empleado cuando la destitución se deba a razones políticas o religiosas, ¿para qué imponerle el deber de investigar y decidir cuestiones ajenas a la religión y a la política? ¿Cabe concebir que la ley haya querido encomendarle a este organismo una labor completamente inútil y que no ha de surtir efecto alguno, limitado como está a ordenar la reposición únicamente cuando la política o la religión hayan motivado la destitución del empleado? En realidad no concebimos cómo pueda atribuirse a la Asamblea Legislativa una intención que prácticamente no conduce a ningún fin. Y no se diga que la comisión actúa como árbitro o *referee* y que el funcionario nominador conserva el derecho de dictar la resolución definitiva, porque un árbitro se nombra cuando hay que decidir una cuestión y no cuando ésta ha sido ya decidida, como ocurre una vez destituído el empleado o funcionario. La facultad de reponer que se concede a dicho organismo en los casos en que intervenga la religión o la política es un argumento adicional que pone de relieve una vez más la autoridad del funcionario nominador para destituir, ya que sin destitución no puede haber

reposición y que, cuando la ley la ordena, es porque parte de la base de que el funcionario nominador ha ejercido sus funciones destituyendo por justa causa a su subordinado. Tampoco puede aceptarse, como alega la comisión, que el funcionario nominador destituya sumariamente, y que la comisión es la que tiene autoridad para resolver el caso en su fondo, porque ese funcionario, que solamente puede destituir por justa causa, no puede destruir los derechos de su subordinado mediante una destitución sumaria. El empleado no resulta indefenso por el hecho de que no se hayan concedido facultades más amplias a la comisión. La ley fija la pauta a seguir y de sus palabras se deducen los organismos llamados a intervenir para proteger los derechos del empleado: para una destitución por razones de carácter político o religioso, la Comisión de Servicio Civil; para una destitución arbitraria y sin causa, cuando no intervenga la religión o la política, los tribunales de justicia. El funcionario nominador no tiene autoridad para destituir arbitrariamente a un subordinado. En el ejercicio de sus funciones, debe ajustarse a las disposiciones de la ley, formulando cargos, oyendo al empleado, y destituyendo si es necesario, cuando existe una causa para la destitución. Si no se cumple con los requisitos de la ley y, por causas ajenas a la política y a la religión se decreta arbitrariamente una destitución, el empleado destituído puede acudir a los tribunales de justicia para obtener la debida reparación.

La última parte del artículo 28 se recomienda por su precisión y claridad y no deja campo abierto a la interpretación judicial. No es posible, mediante especulaciones mentales, destruir un precepto de fácil y sencilla comprensión.

Se hace hincapié también en las disposiciones del artículo 22 de la Ley de Servicio Civil. Este artículo se refiere a la certificación de las listas de elegibles, y dispone, entre otras cosas, que ninguna persona certificada y nombrada en la forma que se establece en dicho artículo cesará ni será sepa-

rada, ni disfrutará de licencia, ni será transferida o reducida en sueldo o categoría, excepto por razones que tiendan a mejorar el servicio, expresadas por escrito y previa oportunidad de ser oída por la comisión, y sólo con el consentimiento y aprobación de ésta.

Estas disposiciones, contenidas en el artículo 22, requieren que la comisión oiga y consienta; pero no conceden a dicho organismo el derecho de juzgar y decidir, a no ser que se considere implícito en la facultad de oír. Esta facultad de resolver parece concedida a la comisión en el primer párrafo del artículo 28, cuando los cargos son formulados por cualquier funcionario superior o cualquier ciudadano. En este primer párrafo no se hace mención de los cargos formulados por un funcionario nominador. La comisión es un organismo de carácter administrativo que no tiene facultades judiciales inherentes. Estas facultades no pueden reconocérsele a menos que hayan sido concedidas por la ley. El artículo 28, en su párrafo tercero, habla de la notificación de los cargos al empleado una vez expuestas las razones que tuvo para la suspensión el funcionario nominador, de la oportunidad que se le ofrece a dicho empleado para contestarlos y de la resolución de la comisión. Parece razonable deducir del contexto de todo este párrafo que estas atribuciones se conceden a dicho organismo para el caso de que tenga que ejercer la facultad de ordenar la reposición del empleado destituído, si resulta que la misma se debió a razones políticas o religiosas. Es en este caso de destitución, en virtud de las razones aducidas, por un funcionario nominador, que la comisión aparece investida con la facultad cuasi judicial de reponer, que necesariamente lleva consigo la facultad de juzgar. Cuando se trata de cuestiones ajenas a la religión y a la política, la intervención de la comisión resulta nula y baldía, porque nada puede resolver con respecto a la reposición del empleado destituído.

El conflicto que pueda existir entre el artículo 22 y

las disposiciones que comentamos del artículo 28, debe resolverse en favor de este último artículo. Cuando existe incompatibilidad entre dos porciones de una ley, la última en el orden numérico de las mismas debe prevalecer. *United States* v. *Updike et al.*, 25 Fed. (2d) 746; *Building Supplies Corporation* v. *Wilcox*, 284 Fed. 113; *Staten* v. *State*, 80 S. E. 850; *United States* v. *Jackson*, 143 Fed. 783, 789; *In re Richards*, 96 Fed. 935, 939.

■ Se cita también la regla 42 adoptada por la Comisión de Servicio Civil, la cual dispone, entre otras cosas, que la comisión puede ordenar la reposición de un empleado destituído, cuando aparezca, previa audiencia, que los cargos formulados contra el funcionario o empleado no han sido probados, o que la destitución se debió a razones de índole política o religiosa. Esta regla de la comisión no se ajusta estrictamente a las disposiciones de la ley. La comisión puede reponer cuando la destitución se deba a razones políticas o religiosas, pero no cuando a juicio de la comisión los cargos no hayan sido probados. La ley no autoriza al referido organismo para reponer cuando a su juicio no se prueben los cargos, y por lo tanto la regla que pretenda añadir a la ley este nuevo fundamento para la reposición, carece de validez legal.

■■■ Esta corte, en el caso de *Pérez Marchand* v. *Garrido Morales,* supra, interpretando el párrafo tercero del artículo 28 de la Ley de Servicio Civil, se expresa en los siguientes términos:

"La cuestión de la suspensión no es la decisiva en el pleito. Lo es la de la destitución decretada en noviembre 14 por el Comisionado demandado, basándose en que la contestación de la peticionaria a los cargos que al suspenderla le formulara, no era satisfactoria.

¿Tuvo poder el Comisionado demandado para actuar en la forma en que lo hizo?

"La contestación a esa pregunta requiere el examen detenido del párrafo tercero y último de la sección, el más obscuro de ellos.

"Comienza disponiendo de una manera expresa que la regla general fijada en el primero no limita 'la facultad de ningún fun-

cionario nominador en cuanto a suspender o destituir a un subalterno por causa justa, en bien de la eficiencia del servicio.' Si ahí terminara, no habría dificultad, pero continúa tras una coma diciendo 'presentándose ante la Comisión, por escrito, las razones para la suspensión y dándose a la persona objeto de la separación debido aviso respecto a ésta y respecto a los cargos que se le formulan, así como la oportunidad de contestarlos por escrito y de presentar ante la Comisión la prueba correspondiente que juzgue necesaria para su defensa,' y la dificultad surge entonces.

"¿Debe entenderse que el legislador dispuso que la destitución no puede decretarse hasta que los cargos sean trasmitidos a la Comisión y se dé oportunidad de comparecer ante ella al empleado o funcionario contra quien se formulan? Esa interpretación encuentra apoyo en la forma en que aparece el párrafo redactado, pero de seguirse destruiría el poder que se comienza reconociendo al funcionario nominador y que se le ha reconocido siempre, sujeto desde luego su ejercicio a las limitaciones que la justicia exige. El funcionario nominador quedaría limitado a la formulación de los cargos. Sería la Comisión la que tendría el poder de destituir después de investigarlos.

"Lo que sigue disponiendo el párrafo que examinamos sobre trámite y revisión de la resolución de la Comisión por las cortes, no ayuda mucho para la exacta fijación del pensamiento del legislador. Lo dispuesto finalmente, a saber: 'La Comisión podrá reponer a un funcionario o empleado separado, sólo en caso de que previa audiencia, resultare que la separación se debió a razones de orden político o religioso', da la clave, a nuestro juicio, para la resolución definitiva del problema, porque no puede existir reposición sin separación, y porque el propio legislador habla de empleado o funcionario separado, esto es, ya separado cuando comienza a actuar la Comisión.

"Y así la interpretación lógica, la que da vida a todo lo dispuesto en la ley y está conforme con los precedentes y la jurisprudencia, es la que reconoce al funcionario nominador la facultad de destituir por justa causa, que significa formulación de cargos y oportunidad de defensa ante el propio funcionario, enviándose el expediente a la Comisión de Servicio Civil que lleva el récord de todos los empleados y funcionarios de la isla y ante la que el empleado o funcionario separado tiene una nueva oportunidad de defenderse y obtener su reposición, en el caso de que la separación se deba a razones de orden político o religioso.

"La teoría de la peticionaria es que el demandado no pudo destituirla por sí solo. Pudo, a nuestro juicio, según la interpretación que acabamos de dar al estatuto.

"Si el comisionado demandado hubiera actuado al ejercitar su poder de una manera arbitraria, sin formulación de cargos y oportunidad de contestarlos, estaríamos conformes en que el *mandamus* procedería sin necesidad de aguardar la acción de la Comisión, pero a nuestro juicio la corte sentenciadora no erró al decidir que aquí se formularon cargos y se dió oportunidad a la peticionaria para contestarlos como los contestó en efecto por escrito. No importa que se comenzara por la suspensión y que erróneamente se hiciera referencia al párrafo segundo de la sección 28 de la Ley de Servicio Civil, en vez de hacerla al párrafo tercero. La suspensión fué un paso que pudo conducir como condujo a la destitución. La ley se cumplió sustancialmente."

Este caso ha sido amplia y laboriosamente discutido en los interesantes alegatos presentados por la Comisión de Servicio Civil y los abogados del interventor Arturo H. Gallardo. Hemos estudiado todos los argumentos aportados por las partes interesadas y hemos llegado a las conclusiones establecidas en esta opinión después de un estudio detenido de las cuestiones planteadas. Arturo H. Gallardo fué destituído por el Tesorero de Puerto Rico después de haberse formulado cargos contra él y de celebrada una vista a la cual asistió representado por sus abogados. Como ya hemos dicho, no hay el más leve asomo de prueba en los autos de que la destitución se debiera a razones de índole política o religiosa. La comisión, por lo tanto, no tuvo facultades para ordenar la reposición del empleado destituído.

*Debe anularse la sentencia de la Corte de Distrito de fecha 4 de febrero de 1935 en el caso origen de este recurso, así como la resolución de la Comisión de Servicio Civil de fecha 23 de octubre de 1934.*

El Juez Asociado Sr. Wolf está conforme con el resultado.*

---

* NOTA: Véase el prefacio.