RAFAEL GATELL OLIVARI, querellante y apelado, *v.* LESLIE A. MacLEOD, querellado y apelante.

Núm. 8075.—*Sometido:* Febrero 5, 1940. *Resuelto:* Febrero 13, 1940.

*Hon. Procurador General George A. Malcolm* y *Pablo Defendini, Subprocurador Auxiliar,* abogados del apelante; *Carlos D. Vázquez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El demandante apelado instó procedimiento de *mandamus* en la corte inferior interesando que se ordenase al demandado apelante lo repusiese en su cargo de Examinador de la División de Examen e Investigación de Cuentas de la Oficina del Auditor de Puerto Rico y que se dispusiese además el pago de los sueldos por él devengados desde su destitución hasta la fecha en que fuere repuesto. El demandado contestó a la vez que excepcionó la petición de *mandamus,* alegando insuficiencia de hechos para constituir una buena causa de acción. Antes de penetrar en los méritos del caso, la corte *a quo* estimó conveniente resolver la cuestión de derecho suscitada por la excepción previa, la que fué desestimada. Solicitó entonces el demandado que se dictara sentencia a base de la excepción previa, y contra la que fué dictada, interpuso el recurso que pende ahora ante este tribunal.

Luego que el demandado apelante perfeccionó su recurso, el demandante apelado solicitó su desestimación por frívolo. Es ésta la cuestión que ahora nos ocupa.

Habiéndose impugnado la suficiencia de la demanda, procede en primer término conocer sus alegaciones esenciales.

Alegó el demandante que hasta el primero de octubre de 1938, desempeñó en el Gobierno Insular el citado cargo que se halla dentro del Servicio Civil Clasificado y devenga un sueldo anual de $1,850.20; que el 5 de octubre de 1938, el Auditor de Puerto Rico le formuló los cargos transcritos en la demanda, los que a los efectos de esta opinión es innecesario reseñar; que dichos cargos fueron específicamente negados por el demandante, disponiendo el demandado la celebración de una audiencia ante un funcionario de su departamento, celebrada la cual, lo destituyó el día 31 de octubre de 1938, notificándole la destitución por carta de igual fecha, origi-

nalmente escrita en inglés y la que vertida al español dice en lo pertinente:

"El 5 de octubre de 1938 se formularon cargos contra usted en su carácter de Examinador de Cuentas de la División de Examen e Investigación de Cuentas de la Oficina, por la comisión de ciertos actos de conducta indisciplinada y otras causas, de las cuales fué usted notificado.

"Se le dió amplia oportunidad de defensa, habiendo usted comparecido personalmente y asistido de abogado. Después de una detenida consideración de los cargos, de la defensa, de la evidencia presentada, así como del informe del árbitro, opino que es usted culpable de los cargos numerados 1 y 2 formuládosle, cualquiera de los cuales constituye, a mi juicio, causa suficiente para destituirlo, en bien de la eficiencia del servicio, sin considerar el cargo marcado con el número 3.

"Copia de esta carta será enviada a la Comisión de Servicio Civil de Puerto Rico para su información.

"Respetuosamente,

"(Fdo.)  L. A. MacLeod
"Auditor de Puerto Rico."

Sigue alegando el demandante que no estando conforme con la destitución, estableció recurso ante la Comisión de Servicio Civil de Puerto Rico, con el fin de obtener su reposición, pero que dicho organismo se declaró sin jurisdicción para conocer del caso, según resolución de 4 de enero de 1939.

Luego de exponer estos hechos, se alega en la demanda que el demandante ha sido destituído sin justa causa y sin el debido procedimiento de ley, por las siguientes razones:

"A.  Porque los cargos formulados bajo los números 1 y 2 no son legalmente suficientes para causar la destitución del querellante, y el cargo número 3 fué expresamente abandonado por el Auditor de Puerto Rico.

"B.  Porque los cargos no fueron sustanciados ante el Auditor de Puerto Rico personalmente, sino ante el empleado de Auditoría, Sr. Luis Morales, quien no tiene facultades de acuerdo con la ley para presidir una audiencia de esta naturaleza y mucho menos para tomar juramento o afirmación a los testigos.

"C. Porque todos los testigos se negaron a declarar bajo juramento, a pesar del requerimiento del peticionario para que dieran cumplimiento a ese requisito legal, y ninguno de dichos testigos declaró bajo afirmación debidamente prestada ante funcionario alguno facultado por la ley para recibir afirmaciones, habiéndose basado la destitución del peticionario en el testimonio dado por tales testigos, cuyo testimonio no hubieran prestado habiéndolo tenido que hacer bajo juramento o afirmación prestada en debida forma ante un funcionario legalmente autorizado para ello, y sujeto a la responsabilidad de un proceso por perjurio.

"D. Porque la prueba ofrecida por el Auditor de Puerto Rico para mantener los cargos marcados con los números 1 y 2 no es suficiente para causar la destitución del peticionario y por el contrario la prueba con que cuenta el peticionario en oposición a los hechos narrados en dichos cargos 1 y 2 demuestra que él estaba enfermo, y lo exonera de toda culpa.

"E. Porque la formulación de cargos a este peticionario y su destitución ulterior han sido injustas y arbitrarias y han obedecido única y exclusivamente a la persecución viciosa y personal por parte del Subauditor de Puerto Rico, José G. López, contra este querellante."

Expone además el demandante que desde el primero de octubre de 1938 ha dejado de percibir los sueldos correspondientes a dicho cargo, a los cuales alega tener derecho, habiendo estado en todo tiempo dispuesto a y en condiciones de desempeñar los deberes del mismo y que el demandado se niega a reponerlo a pesar de haber sido requerido para ello, careciendo el demandante, para obtener su reposición, de otro recurso rápido, adecuado y eficaz en el curso ordinario de la ley. Termina con súplica de un auto perentorio de *mandamus* en armonía con las ameritadas alegaciones.

La cuestión a resolver se limita única y exclusivamente a determinar si aceptando como ciertos los hechos alegados en la demanda, procede la sentencia apelada.

Una y otra parte invocan en apoyo de sus respectivas posiciones los casos de *Pérez* v. *Esteves,* 43 D.P.R. 13, 14; *Domenech* v. *Corte,* 48 D.P.R. 542, 549; *Pérez Marchand* v. *Garrido,* 48 D.P.R. 457, 470, y la sección 28 de la Ley

número 88 del Servicio Civil de Puerto Rico (Leyes de 1931, pág. 557).

Sostiene el demandante apelado que la resolución del Auditor de Puerto Rico destituyéndolo de su cargo es arbitraria e ilegal, por haber sido dictada a base de una audiencia nula, puesto que los testigos que en apoyo de los cargos declararon, no lo hicieron bajo juramento o afirmación, no obstante la protesta del peticionario para que se diera cumplimiento a ese requisito legal. Arguye en contrario el apelante "que este tribunal en ningún momento ha sostenido específicamente, desde que resolvió los casos de *Pérez Marchand* v. *Garrido,* y *Domenech* v. *Corte,* supra, que un funcionario o empleado destituído tenga derecho a una vista pública" (alegando en oposición a la desestimación, pág. 3), y en su alegato en apoyo del recurso formuló su posición en los siguientes términos:

"En otras palabras, después de proteger al empleado público contra persecuciones políticas y religiosas, el legislador procede a estatuir, en el campo de las relaciones oficiales, la ecuación más justa compatible con la disciplina. La experiencia enseña que una mayor acentuación del subalterno frente a su superior tiende a desobligarle del principio de la autoridad, que es la cimentación imprescindible de toda organización humana.

"Ahora bien, ¿cuáles son las limitaciones que impone la ley en Puerto Rico al poder general que tiene un funcionario nominador para destituir a un subalterno? A nuestro entender, las siguientes: (1) que la destitución sea por cualquier causa que tienda a promover la eficiencia del servicio; (2) que el funcionario nominador radique por escrito en la Comisión de Servicio Civil las razones que motivan la destitución; (3) que las razones sean notificadas de un modo razonable al subalterno; (4) que el funcionario nominador notifique al subalterno los cargos que él le formulare; y (5) que el funcionario nominador dé al subalterno una oportunidad de contestar dichos cargos por escrito."

En ninguno de los casos citados se sostiene que el funcionario no tenga derecho a ser oído, cuando los cargos los formula el funcionario nominador. Por el contrario, este tribunal, en el caso de *Domenech* v. *Corte,* 48 D.P.R. 542,

550, tratando de los derechos del funcionario contra quien se han formulado los cargos, se expresó así:

"...Tampoco puede aceptarse, como alega la comisión, que el funcionario nominador destituya sumariamente, y que la comisión es la que tiene autoridad para resolver el caso en su fondo, porque ese funcionario, que solamente puede destituir por justa causa, no puede destruir los derechos de su subordinado mediante una destitución sumaria. El empleado no resulta indefenso por el hecho de que no se hayan concedido facultades más amplias a la Comisión. La ley fija la pauta a seguir y de sus palabras se deducen los organismos llamados a intervenir para proteger los derechos del empleado: para una destitución por razones de carácter político o religioso, la Comisión de Servicio Civil; para una destitución arbitraria y sin causa, cuando no intervenga la religión o la política, los tribunales de justicia. El funcionario nominador no tiene autoridad para destituir arbitrariamente a un subordinado. En el ejercicio de sus funciones, debe ajustarse a las disposiciones de la ley, formulando cargos, oyendo al empleado, y destituyendo si es necesario, cuando existe una causa para la destitución. Si no se cumple con los requisitos de la ley y, por causas ajenas a la política y a la religión se decreta arbitrariamente una destitución, el empleado destituído puede acudir a los tribunales de justicia para obtener la debida reparación."

La sección 28 de la Ley de Servicio Civil antes citada, en su último párrafo, al consignar la facultad del funcionario nominador en cuanto a suspender o destituir a un subalterno en bien de la eficiencia del servicio, tuvo buen cuidado de expresar que la suspensión o destitución sea *por justa causa,* y en el primer párrafo de la misma sección se dice que "ninguna persona que ocupe plaza o destino en el Servicio Civil Clasificado será separada o destituída, salvo por causas justificadas y previa formulación de cargos y no antes de dársele una oportunidad de ser oído en defensa propia."

En el caso de *State* v. *Welford,* 260 N. W. 593, resuelto por la Corte Suprema de North Dakota en 1935, se cita con aprobación del de *Shaw* v. *Frazier,* 39 N. D. 430, 167 N. W. 510, lo siguiente:

"En la ley bajo nuestra consideración, la asamblea legislativa ha concedido al gobernador el poder de nombrar y de destituir, pero

expresamente ha dispuesto que la destitución sea *por causa* (se cita la ley). La asamblea legislativa expresamente limitó el poder de este ejecutivo para destituir. Esta limitación prescribía el ejercicio de una discreción legal en adición a una discreción ejecutiva. Esta limitación, como hemos dicho, la asamblea legislativa tenía el derecho de imponer. Una destitución *por causa* significa una destitución por causa legal. (Citas.) Cuando la asamblea legislativa estimó conveniente exigir una causa legal como base para la destitución de un cargo, necesariamente aplicó aquellos principios fundamentales de la jurisprudencia anglosajona, esenciales y reconocidos en cualquier país libre y democrático, a saber: el derecho del acusado a ser oído, a ser confrontado con sus acusadores, y a defenderse. Véase *People ex rel. Metevier* v. *Therrien,* 80 Mich. 187, 195, 45 N. W. 78 .... Esta corte, por consiguiente, ha adoptado ya sin disentimiento el principio de que una causa legal debe existir en tal caso y debe ser establecida mediante una audiencia *(hearing)*. Sería trivial decir que una causa legal es una causa judicial. De ello se infiere que el gobernador, al ejercitar su facultad en tal procedimiento de destitución, necesariamente actúa de manera cuasi judicial."

Ya hemos visto que según resulta de las alegaciones de la demanda, los testigos que declararon en apoyo de los cargos, no lo hicieron bajo juramento ni afirmación.

En el caso de *Branizar* v. *Mendín,* 43 D.P.R. 29, 30, donde los testigos en una audiencia pública celebrada para investigar cargos formulados contra un funcionario municipal no declararon bajo juramento, puesto que el que prestaron era nulo por no haberlo tomado un funcionario legalmente autorizado, dijo este tribunal:

"El artículo 36 de la Ley Municipal expresamente dispone que el alcalde es el único funcionario autorizado para destituir los funcionarios administrativos y agrega que la destitución deberá ser por justa causa concediéndose a los interesados audiencia pública y oportunidad para defenderse.

"Aquí se notificaron por el alcalde los cargos al funcionario demandante, pero al celebrarse la audiencia no se examinó a los testigos bajo juramento. Decimos que no se examinó, porque si bien el alcalde ordenó que los testigos prestaran juramento, lo hicieron ante el secretario municipal que carecía de autoridad para ello y con la protesta del peticionario por su abogado.

"Faltando el requisito del juramento, debe concluirse que el procedimiento seguido fué ilegal, de acuerdo con la jurisprudencia que repetidamente ha resuelto que en investigaciones de la naturaleza de la que se trata en este caso, todos los testigos deben ser juramentados. (Citas.)"

En igual sentido se pronunció la Corte Suprema de North Dakota en 1932 en el caso de *State* v. *Board of City Com'rs of the City of Fargo*, 245 N. W. 887:

"Es en verdad un principio fundamental de la ley común que la evidencia en un procedimiento contradictorio en una corte de justicia debe ofrecerse bajo la sanción de un juramento. Un consejo municipal, al celebrar una audiencia sobre la destitución *por causa*, actúa en una capacidad judicial y se considera para ese efecto como si fuera una corte de justicia. *Matter of Nichols*, 6 Abb. N.C. (N.Y.) 474. Aunque estrictamente no es una corte, su deber es tan judicial que no puede prescindir de este requisito de una investigación judicial. *People* v. *Public Com'rs*, 155 N.Y. 40, 49 N.E. 257."

Más adelante, en la página 895, cita con aprobación de 2 *McQuillin on Municipal Corporations* (2a. ed.), sec. 590:

"Aunque no se exige seguir estrictamente las reglas de evidencia, no puede prescindirse de los principios fundamentales. La evidencia debe presentarse bajo la sanción del juramento. Como muy bien se ha dicho, aunque no es una corte en el estricto sentido, su deber es tan judicial que no puede prescindir de los prerequisitos de una investigación judicial."

Al final de dicha opinión (pág. 895), repite la corte:

"El funcionario que destituye (*the removing officer*) tiene una vasta discreción; pero no es ilimitada, debe ser guiada por la ley y la evidencia. Los miembros de un tribunal no pueden actuar caprichosa o arbitrariamente. (Citas.)"

En el caso que nos cupa, en el cual la prueba fué exclusivamente testifical, afirmativamente aparece de la faz de la demanda, como hemos repetido antes, que los testigos que declararon ante el árbitro nombrado por el demandado apelante para investigar los cargos, no declararon bajo juramento o afirmación, no obstante las protestas del demandante.

Siendo ello así, no estando sus declaraciones respaldadas por la sanción del juramento, la audiencia así celebrada es nula, y nula también es la resolución dictada por el deman-dado decretando la destitución del demandante. A ninguna otra conclusión que no fuera la antes expuesta podríamos llegar, aceptando como ciertos los hechos alegados en la demanda.

*Por consiguiente, el recurso de apelación establecido por el demandado es frívolo y procede su desestimación.*